**MARYLAND CASUALTY CO. v. PACIFIC COAL & OIL CO..et al.**

No. 8172.

Circuit Court of Appeals, Sixth Circuit.
April 8, 1940.

Parker Fulton, of Cleveland, Ohio, (Bushnell, Burgess, Fulton & Chandler, of Cleveland, Ohio, on the brief), for appellant.

E. J. Thobaben, of Cleveland, Ohio, (G. E. Romano and E. J. Thobaben, both of Cleveland, Ohio, on the brief), for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

The sole question here is whether the District Court erred in sustaining a demurrer to appellant's petition for a declaratory judgment filed under the provisions of Section 400, Title 28 U.S.C., 28 U.S.C.A. § 400.

Appellant issued a liability policy to the Pacific Coal & Oil Company under which it was obligated to defend all actions brought against the assured and, within the limitations of the policy, to pay all sums for which the assured should be liable for property damage or bodily injuries caused by automobiles hired by the assured. While the policy was in effect, appellee Orteca, driving his automobile, collided with a 1931 Ford truck operated by an employee of the Coal Company. Orteca brought suit against the Coal Company in the Common Pleas Court of Cuyahoga County, Ohio, but this action has not proceeded to judgment. The case is thus differentiated from Employers' Liability Assur. Corp. v. Ryan, 6 Cir., 109 F.2d 690.

Appellant brought the instant action in the District Court against the assured and Orteca, asking that the court determine appellant's obligation under the policy and decide whether it is obligated to defend the pending action in the state court. The petition alleged that the Coal Company claims to have sold the 1931 Ford truck to its employee who was operating it at the time of the accident, the Coal Company retaining title thereto as security for the payment of the purchase price. If the truck was owned by the company, and was not a hired automobile, appellant claims to have no obligation under the policy. Orteca demurred to the petition in the District Court for the reason that no cause of action against him is stated, and that he is not a necessary or proper party to the action, and the demurrer was sustained.

The determinative factor is whether a controversy exists between Orteca and appellant.

We think that the judgment of the District Court must be affirmed, upon the ground that no cause of action was stated against Orteca. The controversy which gives jurisdiction to the federal court under the Declaratory Judgment Act does not arise where one claiming that a right or interest is invaded by another has not chosen to assert his right. E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105, 108. Orteca does not at present claim a right or interest against appellant, which is not a party to Orteca's action in the state court. No judgment has been rendered in that action against the Coal Company, hence the jurisdictional prerequisites for the filing of the supplemental petition against appellant provided for under Section 9510-4, General Code of Ohio, do not exist. While the circumstances contain "all of the elements out of which a controversy may arise" (E. W. Bliss Co. v. Cold Metal Process Co., supra), as between Orteca and appellant the controversy has not yet arisen.

We do not pass upon the question of appellant's right to a declaratory judgment against the assured, as that question is not presented in this appeal.

The judgment is affirmed.