## MARYLAND CASUALTY CO. v. BOYLE CONST. CO., Inc., et al.

### No. 4831.

Circuit Court of Appeals, Fourth Circuit.

Nov. 10, 1941.

560

R. Beverley Herbert, of Columbia, S. C. (Herbert & Dial, and Geo. L. Dial, Jr., all of Columbia, S. C., on the brief), for appellant.

Henry C. Miller, of Anderson, S. C. (George Bell Timmerman, of Lexington, S. C., and William Elliott, Jr., and Elliott, McLain, Wardlaw & Elliott, all of Columbia, S. C., on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing an action instituted by a casualty insurance company to obtain a declaratory judgment under a policy of public liability insurance and to enjoin the prosecution of actions commenced in a state court against the insured. The plaintiff in the actions in the state court was Victor G. Miller, the administrator of the estate of one Horace R. Miller, who had been killed in an automobile collision by a truck operated by one Snelgrove, an employee of the insured, the Boyle Construction Company. In one of the actions instituted in the state court against the insured, the administrator demanded damages in the sum of $50,000 for the wrongful death of Horace R. Miller, and in the other, damages in the sum of $25,000 for pain and suffering resulting from the injury which caused death. The Maryland Casualty Company, plaintiff in the suit at bar, had issued a policy of public liability insurance to the Boyle Construction Company in which it undertook, to the extent of $10,000 in the case of any one person injured, to pay on behalf of the insured liability imposed for damages caused by accident and arising out of the ownership, maintenance or use of automobiles covered by the policy, and to defend in the name of the insured any suit alleging such injury and seeking damages on account thereof, even though such suit were "groundless, false or fraudulent".

This action for declaratory judgment was instituted in the court below after the actions against the insured had been instituted in the state court by the administrator. At first, only the administrator and the insured were joined as defendants. Afterwards, the pleadings and process were amended to bring in Snelgrove, the operator of the truck, and the American Mutual Liability Insurance Company, the insurance carrier of the Boyle Construction Company under the South Carolina Workmen's Compensation Act, Act S.C. July 17, 1935, 39 St. at Large, p. 1231. The complaint alleged that there was no liability on the part of the Boyle Construction Company to the administrator of Miller for the reason that Miller, at the time of his death, was engaged in the performance of duties as an employee of the construction company and any claim arising out of his death was subject to the provisions of the Workmen's Compensation Act, which provided an exclusive remedy in the premises, and was not covered by its policy. It asked that the court declare whether or not the plaintiff was obligated to defend the actions which had been brought in the state court or to pay any judgment therein obtained within the limits of its policy, and also whether the administrator could maintain the actions in the state court or was confined to the remedy provided by the Workmen's Compensation Act. It also prayed an injunction to restrain the prosecution of the actions in the state court. It appears from the face of the complaint that the plaintiff Maryland Casualty Company is a Maryland corporation, that the defendant administrator and the defendant Snelgrove are citizens and residents of the state of South Carolina, that the defendant Boyle Construction Company, the insured, is a South Carolina corporation, and that the American Mutual Liability Insurance Company is a corporation of Massachusetts.

The administrator of Miller and the American Mutual Liability Insurance Company filed answers challenging the jurisdiction of the court and objecting to interference, under the declaratory judgment act, with actions pending in the state courts or with matters properly cognizable before the state Industrial Commission under the Workmen's Compensation Act. The Boyle Construction Company and its employee

Snelgrove did not answer. The court below dismissed the action on the authority of State Farm Mutual Automobile Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 300, 132 A.L.R. 188. The court held, also, that it would not be justified in exercising its power to render a declaratory judgment for the purpose of determining questions properly cognizable before the Industrial Commission. The plaintiff has appealed from the order of dismissal, but in this court abandons its prayer for injunctive relief.

It is perfectly clear, we think, that this case is controlled by our decision in the Hugee case, supra. There is no controversy of any sort whatever between plaintiff and the insured. The coverage of the policy is not in dispute and plaintiff is admittedly obligated to defend the actions instituted against the insured, even though they be "groundless, false or fraudulent". The declaratory judgment sought would not relieve plaintiff of the duty of defending them, except as a result of adjudicating the question of liability therein pending, as to which there is no controversy whatever between plaintiff and insured. The interests of plaintiff and insured are identical not only in the litigation instituted in the state court but also in this suit. If the contention that Miller was an employee of insured be sustained, this will relieve the insured of liability for the claims for damage asserted by the administrator and will also relieve plaintiff from any liability on account thereof under its policy. If the contention is not sustained, insured may be held in damages in an amount in excess of the policy and plaintiff may be held liable under the policy for the face amount thereof. As we said in the Hugee case: "The position of plaintiff then comes to this: that because the operator of a motor vehicle is insured by an out of state insurance company that agrees under its policy to defend suits against the insured, claims against the insured may be dragged into the federal courts for litigation, notwithstanding that the insured and claimant are citizens of the same state and notwithstanding that there is no controversy of any sort between the insured and the company. Merely to state such a proposition is to answer it, when it is remembered that a bona fide controversy between citizens of different states is necessary to support jurisdiction which depends on diversity of citizenship."

In the Hugee case we called attention to some of the authorities requiring realignment of the parties in a case such as this and dismissal of the case where such realignment results in destroying the diversity of citizenship upon which jurisdiction is grounded. A report of that case in A.L.R. is followed by an exhaustive note showing the application of the principle in a wide variety of cases. See note 132 A.L.R. 193–212. Another recent decision applying the same principle is Farr v. Detroit Trust Co., 6 Cir., 116 F.2d 807, 811, wherein the Circuit Court of Appeals of the Sixth Circuit, speaking through Judge Hamilton, said:

"Where diversity of citizenship is the sole ground of jurisdiction as here, the parties will be aligned in accordance with their real interest and if, upon such alignment, there is no diversity of citizenship between the parties on opposite sides of the controversy, the suit will be dismissed. Niles-Bement-Pond Company v. Iron Moulders' Union, 254 U.S. 77, 82, 41 S.Ct. 39, 65 L.Ed. 145; Berg v. Merchant, 6 Cir., 15 F.2d 990. The plaintiffs in the original action on the facts alleged might have stated a cause of action within the jurisdiction of the court but we do not decide that question. Making the appellant with whom they had no controversy a defendant in that action, requires that he be aligned on the side on which he belongs. Lee v. Lehigh Valley Coal Company, 267 U.S. 542, 543, 45 S.Ct. 385, 69 L.Ed. 782. The pleader's arrangement of the parties is not conclusive on the court. The court must look into the real facts and in considering the jurisdictional questions, will rearrange the parties according to the nature of the controversy. Harter Tp. v. Kernochan, 103 U.S. 562, 565, 26 L.Ed. 411; [City of] Dawson v. Columbia Trust Co., 197 U.S. 178, 180, 25 S.Ct. 420, 49 L.Ed. 713. This rule is especially applicable when, as here, by co-operation or prearrangement the real parties in interest are manifest. Removal Cases, 100 U.S. 457, 469, 25 L.Ed. 593.

"It is clear, from the record, that appellant is beneficially interested in the granting of the relief sought by the plaintiffs in the original action and that he is on their side of the controversy. It follows from so aligning the parties that his sole controversy is with citizens of his own state. De-Graffenreid v. Yount-Lee Oil Company, 5 Cir., 30 F.2d 574; Magnolia Petroleum Company v. Suits, 10 Cir., 40 F.2d 161. The court below properly dismissed appellant's cross-claim for want of jurisdiction."

As we pointed out in the Hugee case, if there were a bona fide controversy between plaintiff and the insured, a different situation would be presented; for in such case the basis for a realignment of parties would be absent. If, for example, there were a bona fide controversy over the meaning or coverage of the policy or over the question of its validity or expiration, it would no doubt be proper to invoke the power of the court to render a declaratory judgment against the insured and to join the claimant against the insured as a party defendant, so that there might be a complete settlement of the controversy. Of course the plaintiff has a justiciable controversy with the claimant, and there is diversity of citizenship between plaintiff and the claimant; but insured is an indispensable party to any suit to settle that controversy (Steele v. Culver, 211 U.S. 26, 29 S.Ct. 9, 53 L.Ed. 74) and the joinder of insured defeats the jurisdiction, since its interest in the controversy is identical with that of plaintiff and it is a citizen of the same state as the claimant.

Plaintiff relies upon Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. It does not appear from the report of that case, however, that there was any occasion to realign the parties or that such realignment would have destroyed the jurisdiction resting on diversity of citizenship. Furthermore, it is distinctly stated in the opinion of the Supreme Court that there was an actual controversy between the Casualty Company and the insured; and the nature of that controversy appears from an examination of the opinion of the Circuit Court of Appeals rendered in the case. 6 Cir., 111 F.2d 214. The company was denying that its policy covered the truck which caused claimant's injury; and this controversy was entirely separate and distinct from that as to the insured's liability to claimant. Under such circumstances, it could not be said that the interests of the insured and the company were identical, for the insured might be held liable for the act of his employee and yet the company be absolved· of liability on the ground that the truck was not covered by the policy. There was thus no basis for realignment, and we sustained the jurisdiction in such a case in Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665, which we distinguished in our opinion in the Hugee case. See 115 F.2d at page 302. It should be noted, also, that the point actually decided by the Supreme Court in the Pacific Oil Company case was the narrow one that there was a justiciable controversy between the insurance company and the claimant, although the latter had not secured judgment against the insured, a point which is not here in controversy.

And we think that the order dismissing the action should be sustained for another reason, viz., that it was a sound exercise of discretion on the part of the District Judge. The only question which the suit was brought to determine was whether or not Miller was an employee of insured at the time of his injury and death; and this was a question which was necessarily involved in the actions already pending in the state court and which could be tried in those actions just as well as in the declaratory judgment suit. In this connection it should be remembered that both plaintiff and defendant in the actions in the state court were citizens of South Carolina and that the amount demanded in those suits was many times the amount of the policy issued by the Casualty Company to the insured. Furthermore, upon the answer to the question as to whether Miller was an employee of insured depended the rights of the parties under the South Carolina Workmen's Compensation law, administered under the South Carolina statutes by the State Industrial Commission; and it was upon this ground that plaintiff joined as a defendant the company carrying insured's workmen's compensation insurance, so that it would be bound by the court's adjudication of questions, which under the South Carolina statutes were determinable, as to it, by the industrial commission. Under such circumstances we think that the court properly refused to entertain the suit for a declaratory judgment and dismissed the proceedings.

This is not to say that the declaratory jurisdiction is defeated because there is another remedy available. We held directly to the contrary of that proposition in Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406. It is merely to hold that the court is vested with a sound discretion with respect to the granting of declaratory relief, and that the discretion not to grant it is soundly exercised where it appears that such relief will serve no useful purpose and that the only effect of granting it will be to drag into the federal courts the trial of causes properly pending in state courts and not subject to removal.

In Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 323, we pointed out that discretion is vested in the court with respect to the granting or refusing of declaratory relief, even in cases of which it unquestionably has jurisdiction. We said:

"The federal Declaratory Judgment Act (Jud.Code § 274d, 28 U.S.C.A. § 400) is not one which adds to the jurisdiction of the court, but is a procedural statute which provides an additional remedy for use in those cases and controversies of which the federal courts already have jurisdiction. Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. This being true, there is no ground for applying the settled rule, well stated in Cohens v. Virginia, 6 Wheat. 264, 404, 5 L.Ed. 257, that the courts may not decline the exercise of jurisdiction conferred upon them. The question is not as to whether jurisdiction shall be assumed but as to whether, in exercising that jurisdiction, a discretion exists with respect to granting the remedy prayed for. No one would question the power of the federal courts to grant injunctions in proper cases; but nothing is better settled than that whether or not injunctive relief shall be granted is a matter resting in the sound discretion of the trial judge. The same is true of specific performance and of the legal remedy of mandamus. The declaring of 'rights and other legal relations' without executory or coercive relief is an extraordinary remedy, the granting of which, like the remedies mentioned, should certainly rest in the sound discretion of the court because of the liability of abuse to which it might otherwise be subjected.

"The Uniform Declaratory Judgment Act expressly provides for the exercise of discretion (section 6) as does the New York Civil Practice Act and the Rules adopted thereunder (section 473; rule 212). And the rule is well settled under the English statute and court rules that the granting of declaratory relief is a matter resting in the court's discretion. Russian Commercial Industrial Bank v. British Bank, 90 L.J.K.B.N.S. 1089, 19 A.L.R. 1101. Prof. Borchard points out that these statutory provisions 'merely embody the established Anglo-American practice in all jurisdictions.' Declaratory Judgments, p. 100. While the federal act does not expressly provide that the granting of declaratory relief shall rest in the court's discretion, this is clearly implied from the fact that it merely gives the court power to grant the remedy without prescribing any of the conditions under which it is to be granted, and it is hardly to be supposed that it was intended that it should be granted as of course in every case where a controversy exists. The Report of the Judiciary Committee of the Senate states that there is a discretion under the statute 'not to issue the judgment if it will not finally settle the rights of the parties,' and, further, that 'while the procedure is neither distinctly at law or in equity, but sui generis, the Supreme Court could probably at any time make rules under its equity power, if it saw fit.' Senate Report No. 1005, 73d Cong., 2d Sess. And in every case in which the question has been raised the holding has been that the granting of relief under the federal act is a matter resting in the sound discretion of the court. New York Life Ins. Co. v. London (D.C.) 15 F.Supp. 586, 590; New Discoveries v. Wisconsin Alumni Research Foundation (D.C.) 13 F.Supp. 596, 599; Automotive Equipment v. Trico Products Corporation (D.C.) 11 F.Supp. 292, 294, 295; Zenie Bros. v. Miskend (D.C.) 10 F.Supp. 779, 782; note, 32 Ill.Law Review 248.

"As said by Judge Knight in the case of Automotive Equipment v. Trico Products Corporation, however, the discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (see Borchard, Declaratory Judgments, 101); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states. See Associated Indemnity Corp. v. Manning (D.C.) 16 F. Supp. 430."

In American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 619, the same

doctrine was enunciated by the Circuit Court of Appeals of the Seventh Circuit, the court saying with respect to the Quarles case: "We are convinced of the soundness of the reasoning and conclusion of the Fourth Circuit Court of Appeals in the foregoing case. The opinion emphasizes that the discretion allowed by the Act 'should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations'; but the opinion also emphasizes that declaratory relief should not be granted when the result is a 'piecemeal trying of the controversies without benefit to anyone'; or when the remedy is invoked 'merely to try issues or determine the validity of defenses in pending cases.'"

With respect to the use of the declaratory judgment procedure to try in the federal courts controversies properly pending in state tribunals, the Seventh Circuit Court of Appeals used the following language in the case last cited: "In the instant case the legal justification for refusal to exercise jurisdiction may be found in the legislative purpose of the grant of power as well as the more general considerations of comity as between federal and state courts. The Supreme Court has held that the Declaratory Judgment Act is not jurisdictional but procedural only; and that it merely grants authority to courts to use a new remedy in causes over which they have jurisdiction. The roots of declaratory procedure are found in equity procedure, chiefly in the quia timet relief. The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum. It was not intended by the act to enable a party to obtain a change of tribunal and thus accomplish in a particular case what could not be accomplished under the removal act, and such would be the result in the instant case."

The rule of discretion and the propriety of the refusal of relief where a prior action has been filed in a court of concurrent jurisdiction is thus well and succinctly stated by Judge Huxman, speaking for the Circuit Court of Appeals of the 10th Circuit in Excess Ins. Co. of America v. Brillhart, 10 Cir., 121 F.2d 776, 778:

"Ordinarily a court having jurisdiction of the subject matter and over the parties to a justiciable controversy must exercise that jurisdiction. This is, however, not an absolute mandate and the court has some discretionary power as to whether it will in each instance assume and exercise the jurisdiction which the statute confers. Kansas City So. Ry. Co. v. United States, 282 U.S. 760, 763, 51 S.Ct. 304, 306, 75 L.Ed. 684; Canada Malting Co., Ltd., v Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; American Automobile Ins. Co. v. Freundt et al., 7 Cir., 103 F.2d 613; United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288.

"Where a prior action has been filed in a court of concurrent jurisdiction between the same parties and involving the same issues, and a decision by that court would adjudicate all the rights of the parties, a federal court, although having jurisdiction to entertain an action brought by a defendant in the pending cause, may within its discretionary powers refuse to entertain jurisdiction. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665."

In Aetna Casualty & Surety Co. v. Quarles, supra, we held that the court had properly refused to entertain a suit for declaratory relief by an insurance company where suit had been instituted against the company in the state court for recovery on a judgment for which it was claimed to be liable under its policy. The company denied liability under its policy on the ground that there had been collusion between claimant and the insured. We held that declaratory relief should not be afforded merely for the purpose of adjudicating a defense that could just as well be tried in the action pending in the state court. We said:

"The declaratory judgment was sought under the bill as amended, therefore, merely for the purpose of determining the validity of a defense which the company was asserting in the action against it and which could be equally well determined in that action. The granting of the declaratory relief would have meant a peacemeal trying of the controversy without benefit to any one. Under such circumstances the court properly exercised its discretion in refusing to entertain the bill. It is well settled that the declaratory remedy should not be invoked merely to try issues or determine the validity of defenses in pending cases. 1 C. J. S., Actions [§ 18, pp.] 1024, 1031; Borchard, Declaratory Judgments, 110; North-

eastern Marine Engineering Company v. Leeds Forge Company (1906) 1 Ch. 324, affirmed (1906) 2 Ch. 498; Slowmach Realty Corp. v. Leopold, 236 App.Div. 330, 258 N.Y.S. 500.

\*     \*     \*     \*     \*

"The statute providing for declaratory judgments meets a real need and should be liberally construed to accomplish the purpose intended, i. e., to afford a speedy and inexpensive method of adjudicating legal disputes without invoking the coercive remedies of the old procedure, and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships. Whether the remedy shall be accorded one who petitions for it is a matter resting in the sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute. It should not be accorded, however, to try a controversy by peacemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted."

■ Professor Borchard in a passage quoted with approval by this court in the Quarles case has well said (Declaratory Judgments 107–109): "The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. In addition, and perhaps, as indicating when a useful purpose will not be served, statute and practice have established the rule that the judgment may be refused when it is 'not necessary or proper at the time under all the circumstances.' \* \* \* The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration."

The rendering of the declaratory judgment here sought would have resulted in trying in the federal court the decisive issue in two damage suits pending between citizens of South Carolina in a state court. It would have settled also an issue with respect to workmen's compensation liability, which under the statutes of South Carolina was triable before the state Industrial Commission. The only excuse for doing this would have been that a foreign insurance company had issued a policy to the defendant in the state court actions agreeing to discharge the liability of the defendant therein to the extent of less than one-seventh of the amount sued for in those actions. The insurance company had no defense to its liability except the defense which the defendant was asserting in those actions, viz., that Miller was an employee of the defendant; and since it had the right to defend the actions for the insured it could assert that defense there. It is suggested that, since the company was a citizen of another state, it had a right to resort to the federal courts rather than the state courts for the trial of the issue. Aside from the question of realignment which we have discussed above, however, we do not think that the mere fact that the company had a contract with one of the parties to an action in a state court, with respect to defending that action and paying any judgment recovered against such party, would justify the federal court in exercising the declaratory jurisdiction to try issues in an action which was essentially one between citizens of the same state; and the refusal of the federal court to exercise its power to render a declaratory judgment under such circumstances must be deemed a sound exercise of the discretion vested in it under the Declaratory Judgment Act.

■ The federal declaratory judgment act is an important development in procedural law and should be liberally construed. In giving it this liberal construction, however, we must be careful not to encroach upon the state jurisdiction; otherwise we may awake to find that such encroachment has resulted in the act's being repealed or being modified in such way as to render it practically valueless. It furnishes a convenient and appropriate remedy to liability insurance companies where there is a bona fide controversy with the insured over the coverage of the policy or over other matters which can be settled more satisfactorily in such suit than in the ordinary form of litigation; but insurance companies should not be permitted, under

the guise of seeking declaratory judgments, to drag into the federal courts the litigation of claims between citizens of the same state over which it was never intended that the federal courts should exercise jurisdiction. If these efforts are persisted in and are sanctioned by the courts, such abuse of the remedy may well lead to the repeal by Congress of one of the most beneficent pieces of procedural legislation enacted in recent years.

The order appealed from will be affirmed.

Affirmed.