## INDEMNITY INS. CO. OF NORTH AMERICA v. SCHRIEFER et al.

### No. 5228.

Circuit Court of Appeals, Fourth Circuit.

May 11, 1944.

Wendell D. Allen, of Baltimore, Md. (Alexander Gordon, III, Francis B. Burch, and Armstrong, Machen, Allen & Eney, all of Baltimore, Md., on the brief), for appellant.

Eben J. D. Cross and Helen Elizabeth Brown, Asst. City Sol., both of Baltimore, Md. (Philip S. Ball, Michael J. Manley, Charles H. Dorn, and Simon E. Sobeloff, City Solicitor, all of Baltimore, Md., on the brief), for appellees.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order dismissing a suit by an automobile indemnity insurance company to obtain a declaratory judgment to the effect that there was no liability, under one of the policies that it had issued, for damages that might be recovered against the insured on account of a claim which was then being sued on in a state court. The dismissal was granted, in the exercise of the court's discretion, on the authority of our decision in Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558, without prejudice, however, to the right of the company to bring another action for declaratory relief either during the further progress of the damage suit in the state court or following

the rendition of a judgment therein, if the company should deem such action necessary or desirable for the protection of its interests. We think that the discretion of the court was properly exercised.

Insured under the policy here in controversy were the City of Baltimore and a Mrs. Bauernfeind, who owned a truck which she rented to the city along with the services of a driver, one Bivens, under a contract similar to that before this court in Malisfski v. Indemnity Ins. Co., 4 Cir., 135 F.2d 910. While the truck was being driven by Bivens in the service of the city, it was in collision with a street car of the Baltimore Transit Company, resulting in the death of one Schriefer, an employee of the city who was riding in the truck. Suit to recover damages on account of his death was commenced by his administratrix in a Maryland state court against Mrs. Bauernfeind, Bivens and the Transit Company. Mrs. Bauernfeind called upon the insurance company to defend the action in her behalf, under a clause of the policy providing that the company would defend any suit against an insured arising out of the operation of the truck, even though "groundless, false or fraudulent"; and the company, after securing a non-waiver agreement to protect its rights, undertook the defense of the action and concedes here that it is bound to make such defense. One of the grounds of Mrs. Bauernfeind's defense was that Bivens was to be deemed the employee of the city and not her employee at the time of the fatal accident. Bivens himself was not served with process.

After the damage suit had been begun in the state court, the insurance company commenced this action in the court below to obtain a declaratory judgment to the effect that it was not liable under its policy for the damages claimed. Named as defendants were the plaintiffs and defendants in the action in the state court and the City of Baltimore, which had made workmen's compensation payments on account of the death of Schriefer, its employee, and under the law of Maryland was entitled to reimbursement therefor from any recovery had from a third person for causing his death. Liability under the policy was denied on the grounds (1) that Bivens while operating the truck was not an employee of Mrs. Bauernfeind but of the city, and (2) that, since Schriefer was an employee of the city, liability for his injury or death were expressly excluded under the terms of the

policy. The provisions of the policy relied on were as follows:

"Definition of 'Insured'. Except where specifically stated to the contrary, the unqualified word 'insured' wherever used in coverages A and B in other parts of this policy, when applicable to such coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is 'pleasure and business' or 'commercial', each as defined herein, and provided further the actual use is with the permission of the named insured. The provisions of this paragraph do not apply: * * *

"(d) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured.

　　*　　*　　*　　*　　*

"This policy does not apply:
　　*　　*　　*　　*　　*

"(e) to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured, or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law:".

The damage suit instituted in the state court was one entirely between citizens of the State of Maryland with respect to tort liability, governed by the law of that state, for an automobile collision which had occurred within the state. To have sustained the suit for declaratory judgment would have been to drag this essentially local litigation into the federal courts and to defeat the jurisdiction of the state courts over it merely because one of the parties to the litigation happened to have indemnity insurance in a foreign insurance company. There might have been justification for this, if there had been a real controversy between the company and the assured, which could not be determined by litigation pending in the state court or which it was important to determine before that litigation was brought to hearing; but there was no such controversy. The company admitted its duty under the policy to defend the state court action; and, if it

prevails in the defense there undertaken, it will admittedly be subject to no further liability under the policy. It claims, however, that even though it should fail in the defense of the action and liability on the part of Mrs. Bauernfeind should be established therein, it still would not be liable under the policy for the reason that Schriefer was an employee of the city, and liability on account of his death is excluded by paragraph (e) above quoted; but this is a defense which, if controverted by the insured, can be asserted as well after the conclusion of the suit in the state court, as it can now, and, if the company prevails in that suit, there will, of course, be no occasion to assert it at all. There could be no possible justification for dragging into the federal court the litigation of the issues pending in the state court, for the sake of obtaining a declaratory judgment as to a matter which will have no practical significance if the defendants prevail in the state court, and which the company can litigate as well after the termination of the state court litigation as now, if the defendants do not prevail. Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Maryland Casualty Company v. Boyle Construction Company, supra, 4 Cir., 123 F.2d 558.

Counsel for the company, on the oral argument in this court, admitted that the relief asked in the declaratory suit should not be granted in so far as it embraced issues involved in the state litigation, but asked that it be granted to the limited extent of declaring that, because of paragraph (e) quoted above, there was no liability on the part of the company for any recovery that might be obtained for the death of Schriefer, but merely for the defense of the action in the state court. We see no reason for any such piecemeal handling of the question of liability or for the federal courts to rush in to decide questions connected with state court litigation which may never become a matter of real controversy between the parties. This we think was sufficient ground for the District Court's declining jurisdiction, which it did without prejudice to the right of the company to apply for relief later if it should deem such action necessary or desirable for the protection of its interests. If there is any discretion whatever vested in the District Court as to the exercise of the declaratory jurisdiction, the action here taken must certainly lie within the bounds of the proper exercise of such discretion; and there

can now be no question, we think, but that the exercise of the jurisdiction is discretionary. Brillhart v. Excess Ins. Co., supra; Maryland Casualty Co. v. Boyle Construction Co. supra; Carbide & Carbon Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, 49; Piedmont Fire Ins. Co. v. Aaron, 4 Cir., 138 F.2d 732; Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

This is but another one of the cases in which a liability insurance company has sought to drag into the federal court the trial of non-removable local litigation. Since the decision in Brillhart v. Excess Ins. Co., supra, it should be clear that an exercise of discretion which denies this sort of abuse of the declaratory judgment process should be sustained. In that case the Supreme Court said [316 U.S. 491, 62 S.Ct. 1175, 86 L.Ed. 1620]:

"Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, * * * it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. Aetna Casualty Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613; see note 51 Yale L.J. 511. Compare Canada Malting Company v. Paterson Company, 285 U.S. 413, 422, 423, 52 S.Ct. 413, 415, 76 L.Ed. 837; Douglas v. New York, N.H. & H.R. Co., 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747. The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

Dealing with the same matter in Maryland Casualty Co. v. Boyle Construction Co., supra [123 F.2d 565], this court said:

"The federal declaratory judgment act is an important development in procedural law and should be liberally construed. In giving it this liberal construction, however, we must be careful not to encroach upon the state jurisdiction; otherwise we may awake to find that such encroachment has resulted in the act's being repealed or being modified in such way as to render it practically valueless. It furnishes a convenient and appropriate remedy to liability insurance companies where there is a bona fide controversy with the insured over the coverage of the policy or over other matters which can be settled more satisfactorily in such suit than in the ordinary form of litigation; but insurance companies should not be permitted, under the guise of seeking declaratory judgments, to drag into the federal courts the litigation of claims between citizens of the same state over which it was never intended that the federal courts should exercise jurisdiction. If these efforts are persisted in and are sanctioned by the courts, such abuse of the remedy may well lead to the repeal by Congress of one of the most beneficent pieces of procedural legislation enacted in recent years."

For the reasons stated, the order appealed from will be affirmed.

Affirmed.