AMERICAN CASUALTY CO. OF READING, PA. v. HOWARD et al.

No. 5846.

United States Court of Appeals Fourth Circuit.

April 2, 1949.

W. Francis Marion and C. F. Haynsworth, Jr., both of Greenville, S. C. (Haynsworth & Haynsworth, of Greenville, S. C., on the brief), for appellant.

Wesley M. Walker, of Greenville, S. C. (D. B. Leatherwood and Leatherwood & Walker, all of Greenville, S. C., on the brief), for appellees Howard.

J. Wilbur Hicks, of Greenville, S. C., for appellees Roberts.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the Western District of South Carolina, dismissing a civil action seeking a declaratory judgment, filed by the American Casualty Company of Reading, Pennsylvania (hereinafter called Casualty), against Elaine Howard, Elias Howard, F. C. Roberts, Senior, individually and as Administrator of the estate of George Roberts, deceased, and Mrs. Broadess Roberts.

Casualty issued to Elaine Howard an automobile liability policy with limits of liability as to bodily injuries of $5,000 for each person and $10,000 for each accident, and limits of liability to $5,000 as to each accident for property damage and $500 for medical payments to each person. The policy contained a clause providing that Casualty, within the coverage of the policy, shall "defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on ac-

count thereof, even if such suit is groundless, false or fraudulent."

While the policy was in force, Elias Howard, driving the insured automobile of Elaine Howard with her permission, was involved, on May 1, 1947, in a collision with a motorcycle driven by George Roberts, who died on May 2, 1947, from injuries sustained in the collision.

In October, 1947, an action was instituted by the Administrator of the estate of George Roberts, deceased, against Elias Howard, seeking $50,000 damages for the alleged wrongful death of George Roberts. This action, for the benefit of the father and mother of George Roberts, was brought under the provisions of Sections 411, 412, Code of Laws of South Carolina, 1942, familiarly known as the South Carolina Lord Campbell's Act. Both prior to and after the filing of this action, efforts to negotiate a settlement failed. After lengthy negotiations, when Casualty declined an offer to settle the case for $5,000, attorneys for Elias Howard notified Casualty that if this offer of settlement was not accepted and a settlement effected, Casualty would be expected to pay in full any judgment recovered in this action, even though the amount of this judgment should be in excess of the policy limits. Again Casualty declined the offer of settlement, the case was duly tried and in July, 1948, judgment for $7,000 was duly entered for the Administrator against Elias Howard. Further controversy then ensued as to who should pay this judgment.

In August, 1948, another action was instituted by the Administrator against Elias Howard, under the South Carolina Survival Statute, § 419, Code of Laws of South Carolina, 1942, in which damages of $25,000 were sought. This action, seeking to recover damages for pain and suffering of George Roberts from the time of the injury until his death, is for the benefit of the Estate of George Roberts and is still pending in the State Court. After service of the complaint in this action on Elias Howard, his attorneys demanded that Casualty defend this action and informed Casualty that they would also look to it for payment of any judgment that might be recovered.

Casualty informed Elias Howard that it was under no obligation to defend this action under the Survival Act or to pay any judgment recovered therein but that Casualty, for the protection of all parties, was filing an answer in this action, under an express reservation of all of its rights.

On September 1, 1948, Casualty filed in the District Court of the United States the instant action seeking a declaratory judgment of its rights and duties under the policy. On September 10, 1948, Casualty paid the Administrator $5,000 on the judgment rendered against Elias Howard in the action under the South Carolina Lord Campbell's Act, and Elias Howard paid the balance of $2,000 due under this judgment. On September 17, 1948, the defendants filed a motion to dismiss Casualty's action for a declaratory judgment.

On September 24, 1948, Elias Howard filed a civil action in the State Court against Casualty for $3,000 which included the $2,000 overage paid by Elias Howard and damages for Casualty's failure to settle the action brought under the South Carolina Lord Campbell's Act.

Defendants, in their motion to dismiss Casualty's action for a declaratory judgment, questioned the alignment of the parties and the presence of the requisite jurisdictional amount. We think this alignment was proper. True it is that in both the civil actions by the Administrator, Elias Howard and Casualty had a common interest to defeat any recovery. But this is not the situation in the action of Casualty seeking a declaratory judgment. Both Elias Howard and the Administrator either now assert, or may be expected in the future to assert, liability on the part of Casualty for any judgment rendered in the actions instituted by the Administrator. So far as questions relating to the coverage or limitations of the policy are concerned, the interests of Casualty are hostile to those both of Howard and the Administrator. It was, therefore, proper for Casualty in the declaratory judgment action to align as defendants Elaine Howard and Elias Howard, F. C. Roberts, Senior, as Administrator of the Estate of George Roberts, deceased, and F. C. Roberts, Senior, individually, and Mrs. Broadess Roberts. Maryland Casualty Co. v. Pacific Coal & Oil Co. and Orteca, 312 U.S. 270, 61 S.Ct. 510, 85

L.Ed. 826; Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558, 562; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665, 668. F. C. Roberts, Senior, and Mrs. Broadess Roberts, the father and mother of George Roberts, deceased, were the beneficiaries of the recovery in the action brought under the South Carolina Lord Campbell's Act.

■ In veiw of the asserted liability of Casualty to pay the overage of $2,000 in the action under the Lord Campbell's Act, plus $1,000 damages in that connection, as well as the asserted liability of Casualty to defend the action under the Survival Statute and to pay any judgment recovered therein (damages of $25,000 were sought in this action), we think it is clear that Casualty's action for a declaratory judgment involved the requisite jurisdictional amount, more than $3,000, exclusive of interest and costs. Ætna Casualty & Surety Co. v. Yeatts, supra, 99 F.2d at page 668; United States Fidelity & Guaranty Co. v. Pierson, 8 Cir., 97 F.2d 560; Associated Indemnity Corporation v. Manning, 9 Cir., 92 F.2d 168.

We append the concluding paragraphs of the able opinion filed by the District Court in Casualty's action seeking a declaratory judgment [80 F.Supp. 983, 988]:

"A controversy, to come within the Declaratory Judgments Act, must be definite and concrete. 'It must be a real and substantial controversy admitting of specific relief through a decree of a *conclusive* character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' (Emphasis added.) Ætna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000; Mutual Life Ins. Co. v. Moyle, D.C.E.D.S.C.1940, 34 F.Supp. 127. The Act excludes 'an advisory decree upon a hypothetical state of facts.' Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 473, 80 L.Ed. 688.

"Judicial discretion dictates a like conclusion. Should the court take jurisdiction of this case, it would thereby remove from the South Carolina courts issues which originated and are now pending there; issues which can be completely and expeditiously tried there. The result of removal would place undue hardship, expense, delay and frustration, especially on defendant Administrator, and probably on Elias Howard; and for what purpose? To decide speculative issues which may never arise, or render a decision that may never be applied.

"As said by the Supreme Court in Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620: 'Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, *not governed by federal law,* between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.' (Emphasis added.)

"Regardless of the question of jurisdiction, in the exercise of that judicial discretion vested in and expected of this court; that 'sound discretion of the trial court, to be reasonably exercised in furtherance of the purposes of the statute,' Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 1937, 92 F.2d 321, 325, it is the duty of this court to grant the motion to dismiss this action."

■ Counsel for appellees make much of the fact that the granting or refusing of a declaratory judgment rests in the sound discretion of the trial court. Judge Parker, speaking for our Court in Ætna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324, said:

"As said by Judge Knight in the case of Automotive Equipment Co. v. Trico Products Corporation, [D.C., 11 F.Supp. 292], however, the discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations * * *."

In Borchard on Declaratory Judgments 107 (a leading work in this field), it is stated:

"The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."

See, also, Maryland Casualty Co. v. Faulkner, 6 Cir., 126 F.2d 175, 178; Maryland Casualty Co. v. Boyle Construction Co., supra, 123 F.2d at page 563; Maryland Casualty Co. v. United Corporation, 1 Cir., 111 F.2d 443, 446.

We think the instant action adequately satisfies the requisites set forth above and that the District Court should have entertained this action and should have, so far as was appropriate and practicable, declared the rights of the parties under the policy.

There is, we think, a very real and vital controversy here. On the ground that Casualty's refusal to effect a compromise settlement of the Lord Campbell's Act case was arbitrary and unwarranted, Elias Howard claims and insists that Casualty is liable for the full $7,000 judgment recovered in that action. Elias Howard claims, also, that Casualty was further obligated both to defend the action under the Survival Statute and to pay any judgment therein recovered, regardless of its amount and regardless of the policy limits. Against all this, Casualty asserts that its liability under the judgment in the Lord Campbell's Act case was limited to $5,000 (the policy limit for death or bodily injury to one person) ; and, further, that Casualty is under no duty either to defend the action under the Survival Act or to pay, in whole or in part, any judgment recovered therein.

Since the filing of the action for a declaratory judgment, the judgment in the Lord Campbell's Act case has been fully satisfied by the payment of $5,000 by Casualty and $2,000 by Elias Howard; and the suit by Elias Howard against Casualty for this overage of $2.000 and $1,000 damages has been filed in the State Court. Casualty now claims that by the payment of this $5,000, the policy limit, it is now absolved of all further duties whatsoever in the premises.

Casualty is thus placed in a precarious dilemma. If Casualty, as it claims, owes no futher duties to the other parties, it can retire gracefully and leave the Howards and the Roberts to settle their own differences. If, however, Casualty must defend the Survival Statute action and pay any judgment recovered therein, Casualty is entitled to know this. Manifestly, if these duties are imposed on Casualty, it will be to Casualty's interest either to defend this action vigorously or to attempt an amicable settlement.

On the other hand, Elias Howard should be informed whether or not he must alone defend the Survival Statute action and whether he alone must pay any judgment recovered in that action. Surely his willingness to attempt a settlement and the vigor of his defense will be materially affected by the decision of these questions, which also affects the conduct of the Administrator. His receptivity to offers of settlement as well as his conduct of the trial of this case may be quite different depending upon whether or not he must fight not only Howard but Casualty and whether, if he recovers a judgment, he can look for its satisfaction only to Elias Howard or, if Elias Howard fails to pay such judgment, he can ultimately resort to Casualty for its payment.

It is pointed out to us that the liability of Casualty, if any, as to the judgment obtained under the Lord Campbell's Act, can be settled in the action now pending between Elias Howard and Casualty in the State Court, in which action the Administrator has no interest, and which is not removable to a federal court. This action had not been instituted when Casualty filed its action for a declaratory judgment, and the issues in the action under the Lord Campbell's Act can be settled under a declaratory judgment along with the seemingly more important issues, as to both Elias Howard and Casualty, involved in the action under the Survival Statute.

We are also told that the issues involved, as to Elias Howard and Casualty, in the Survival Statute action are moot, hypothetical and conjectural; for, if judgment in that case should be in favor of defendant, then there would be no issue in that connection between Elias Howard and Casualty. But no one can now accurately foretell just how such a judgment will go. And, further, as we have already pointed out, Casualty is vitally interested (so is Elias Howard and, in a minor measure, the Administrator) in knowing, before the trial of that action, just what, if any, its rights and liabilities therein are or may be, so that, in the light of this knowledge, Casualty can determine just what course of conduct it should, or must, adopt.

Casualty is not, and cannot be, a party to the action instituted by the Administrator against Elias Howard under the Survival Statute. And nowhere in the State Court is there pending any litigation involving the duty of Casualty to defend that action and to pay any judgment that might be recovered therein. Cf. Indemnity Ins. Co. v. Schriefer, 4 Cir., 142 F.2d 851; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Boyle Construction Co., 4 Cir., 123 F.2d 558. So there are issues involved in that connection which can (and should) be settled in the instant action for a declaratory judgment.

As we pointed out in the case of Indemnity Ins. Co. v. Schriefer, supra, a suit for declaratory judgment should not be entertained for the purpose of trying in the federal court litigation properly pending in a state court, as in cases where the only defense of the insurance company against liability under its policy is the same as that asserted by the defendant in the state court as a defense to liability for tort. This reasoning does not apply, however, where, as here, there is "a real controversy between the company and the assured, which could not be determined by litigation pending in the state court or which it was important to determine before that litigation was brought to hearing." See 142 F.2d at page 851, 853.

A further contention is advanced that the action of Elias Howard against Cas-

ualty now pending in the State Court is a tort action which should be tried in the State Court. Though the essence of this action is indeed the alleged wrongful conduct of Casualty in failing to settle the action under the Lord Campbell's Act, the wrong charged is a breach of the duty imposed upon Casualty by the policy. See Tyger River Pine Co. v. Maryland Casualty Co., 170 S.C. 286, 170 S.E. 346. And the issues in the Lord Campbell's Act case are in many respects similar to the issues involved in determining whether or not Casualty must defend the pending action under the Survival Statute and pay any judgment which might be therein recovered.

For the reasons stated, the judgment of the District Court dismissing Casualty's action seeking a declaratory judgment is reversed, the case is remanded to that court with directions to entertain and hear this action and to grant such relief as may be found to be proper and appropriate.

Reversed and remanded.