The **WESTERN CASUALTY AND SURE-TY COMPANY**, a Corporation, Plaintiff,

v.

**J. J. PINSON and Walter E. Lengstorf,** Defendants.

Civ. No. 1355.

United States District Court
D. Montana,
Missoula Division.

June 23, 1966.

Rognlien, Hash & O'Brien, Kalispell, Mont., for plaintiff.

Fennessy, Crocker & Arness, Libby, Mont., and Korn, Warden & Walterskirchen, Kalispell, Mont., for defendants.

## ORDER

RUSSELL E. SMITH, District Judge.

Plaintiff, Western Casualty and Surety Company, here called Western, prays for a judgment declaring its obligations under an automobile casualty insurance policy. Lengstorf has sued Pinson and others in a state court for personal injuries alleged to have resulted from an automobile accident. Western claims that the insurance policy which it had issued to Pinson had been cancelled prior to the time of the accident, and has refused to defend Pinson in the state court action and claims that it will not be obligated to pay any judgment which may be awarded against Pinson. By this action plaintiff seeks to determine its obligations.

Defendant Pinson has moved to dismiss this action stating that the issues

here presented are now pending in the state court by reason of a third party complaint (M.R.Civ.P. Rule 14(a)) filed by Pinson against Western in the Lengstorf-Pinson action, wherein Pinson seeks to hold Western to the terms of the policy.

■ The jurisdictional facts appear and the complaint does state a claim. The words "may declare the rights" in the Federal Declaratory Judgment Act (28 U.S.C. § 2201) grant a discretionary power. Aetna Casualty & Surety Co. v. Quarles (CCA 4, 1937), 92 F.2d 321. The motion is therefore addressed to the discretion of the court.

The Supreme Court has stated the Federal Policy:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. Brillhart v. Excess Ins. Co., 316 U.S. 941, at p. 495, 62 S.Ct. 1173, at p. 1175, 86 L.Ed. 1620 (1942).

Plaintiff relies upon American Casualty Co. of Reading, Pa. v. Howard (CCA 4, 1949), 173 F.2d 924, but in that case there was not pending in the state court any action which would have determined one of the issues involved.

■ Since the issues, which do not involve federal law, can be solved in the state court, this court should not interfere unless for some other reason the remedies in the state court would not be effective. It is suggested that there are substantial reasons why there should be a determination of Western's obligations prior to the adjudication of the liability of Pinson to Lengstorf. These suggestions appeal to this court, but there is no reason to believe that the state court would be insensitive to Western's problems and would not dispose of the coverage problem first. The state court has this power. (M.R.Civ.P. Rule 42(b)).

It is therefore ordered that plaintiff's complaint be, and the same is hereby, dismissed.