SECURITY INSURANCE COMPANY OF
HARTFORD, INC., Plaintiff,

v.

DICKERSON, INCORPORATED,
Defendant.

Civ. A. No. 2216.

United States District Court
W. D. North Carolina,
Charlotte Division.

Sept. 28, 1967.

Hugh L. Lobdell, Kennedy, Covington, Lobdell & Hickman, Charlotte, N. C., for plaintiff.

F. A. McCleneghan, McCleneghan, Miller & Creasy, and Fred B. Helms, Helms, Mulliss, McMillan & Johnston, Charlotte, N. C., for defendant.

MEMORANDUM OF DECISION.

WOODROW WILSON JONES, District Judge.

This is an action for a declaratory judgment by Security Insurance Company of Hartford, Inc., a Connecticut corporation, against Dickerson, Incorporated, a North Carolina corporation, based upon a controversy as to the overage of $165,000, plus interest, on a liability insurance policy issued by the plaintiff to the defendant with a $100,000 limitation, and for an order restraining defendant from instituting any action against the plaintiff for the recovery of the amount in excess of the $100,000 policy, plus interest thereon.

Plaintiff's complaint was filed in the United States District Court for the Western District of North Carolina, on January 31, 1967, and the defendant filed a Motion to Dismiss on February 23, 1967. This motion was heard upon the pleadings, affidavits filed in the cause, oral argument and briefs, on September 13, 1967.

### FINDINGS OF FACT

1. That prior to September 1, 1963, U. S. Casualty Company, a New York insurance corporation, issued its comprehensive liability policy to the defendant, a construction company, agreeing to pay on behalf of the defendant all sums which the defendant should become legally obligated to pay as damages because of bodily injury sustained by any person and caused by accident, with a limit of $100,000 for any one person, and agreeing further to defend any suit instituted against the defendant alleging such injury and seeking damages on account thereof; that said policy was in full force and effect on September 1, 1963 at the time of the accident which occurred in the State of South Carolina, and which accident resulted in injuries to one Harry J. Tumbleston, Jr. That Security Insurance Company of Hartford, Inc. has succeeded to all of the assets and liabilities of U. S. Casualty Company which has now been dissolved.

2. That suit was instituted on behalf of Harry J. Tumbleston, Jr. to recover damages for injuries sustained in the accident referred to above in the case entitled, "The Citizens and Southern National Bank of South Carolina, as Committee for Harry J. Tumbleston, Jr., Plaintiff, vs. Dickerson, Incorporated, Defendant", and was tried in the United States District Court for the Eastern District of South Carolina, Charleston Division. On June 3, 1965, there was a verdict in that action in favor of the plaintiff, Tumbleston, and against the defendant, Dickerson, in the total amount of $265,000, divided as follows: actual damages $260,000 and punitive damages $5,000. Judgment was rendered upon said verdict and the case was affirmed by the United States Court of Appeals for the Fourth Circuit.

3. That the judgment exceeded the maximum liability under the policy by $165,000, plus interest, and costs.

4. That on January 31, 1967, the plaintiff Insurance Company paid the sum of $100,000, plus interest to that date, into court for the benefit of the judgment creditor, Harry J. Tumbleston, Jr. That on February 8, 1967 the defendant, Dickerson, paid the balance due on said judgment of $165,000, plus interest in the amount of $16,500.

5. That summons in the case at bar was served on Dickerson on February 3, 1967, at 2:30 P.M.

6. That Dickerson instituted a suit against Security Insurance Company of Hartford, Inc. in the Court of Common Pleas in Richland County, South Carolina, and served summons on the Insurance Commissioner of the State of South Carolina on February 2, 1967. In said action Dickerson alleges, inter alia, that the Insurance Company failed to negotiate with the claimant, Harry J. Tumbleston, Jr. in good faith and that the case could have been settled prior to the verdict within the limits of the policy. That the acts and conduct of the Insurance Company were negligent and reckless and that it acted in bad faith toward Dickerson, its insured, and in its own interest and not in its insured's interest, wholly disregarding its duty to Dickerson, the insured, and as a direct and proximate result thereof that Dickerson had been damaged in the sum of $181,500, plus interest in actual damages and $200,000 in punitive damages. That this case has been removed to the United States District Court for South Carolina, Columbia Division, and has been calendared for trial.

7. That on February 23, 1967, the defendant Dickerson moved to dismiss this action pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, for that the complaint does not allege any controversy with reference to the insurance policy, but instead alleges facts indicating that a controversy exists between the parties in which Dickerson, Inc. is claiming the sum of $165,000, plus interest and costs, which is the difference between the judgment in the Tumbleston case and the insurance policy. Defendant claims this is an action on common law negligence and not a proper subject for declaratory judgment, but is the iden-

tical matter involved in the South Carolina case between the parties.

The defendant, in the alternate, moves pursuant to Rule 56(b), (c) and (e) of the Federal Rules of Civil Procedure, for summary judgment on the ground that there is no genuine issue as to any material fact with reference to it or which would support or warrant plaintiff's action for a declaratory judgment and a restraining order.

8. Dickerson further contends that the entire controversy now existing between the plaintiff and defendant relative to the overage of the policy can be promptly and properly tried in South Carolina and that the witnesses on both sides, consisting mostly of the attorneys appearing in the case of Tumbleston vs. Dickerson who are all South Carolina lawyers, will be available for testimony and cross examination in the South Carolina court.

9. That there has been no contention by the Insurance Company in this cause that the entire controversy relative to the overage now existing between the parties could not be fully adjudicated by the South Carolina action.

## CONCLUSIONS OF LAW

1. While this court would have jurisdiction of this action under the Federal Declaratory Judgments Act, 28 U.S.C.A. §§ 2201, 2202, and under the allegation of diversity of citizenship and the amount involved, the court is under no compulsion to exercise that jurisdiction. The defendant's motion to dismiss the Complaint is addressed to the discretion of the Court.

Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Aetna Casualty & Surety Company v. Quarles, 4 Cir., 92 F.2d 321.

In the case of Aetna Casualty & Surety Company v. Quarles, supra, Judge Parker in speaking for the court, said:

"As said by Judge Knight in the case of Automotive Equipment Co. v. Trico Products Corporation, D.C., 11 F.Supp. 292, however, the discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (see Borchard, Declaratory Judgments, 101); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, *or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction.* (Emphasis added) The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states. See Associated Indemnity Corp. v. Manning (D.C.) 16 F.Supp. 430."

2. The Motion to Dismiss also rests upon the claim that since another court action is pending in which all the matters in controversy between the parties can be fully adjudicated, a declaratory judgment in the Federal Court is not justified. It appears from the evidence in this cause that there was a race to the Courthouse to see who could start his action first. After the 4th Circuit Court of Appeals affirmed the verdict in the Tumbleston case the parties met to discuss their dilemma. Apparently negotiations began looking toward some amicable settlement of this matter. It then appears that while those negotiations were proceeding plaintiff Insurance Company instituted this action in this court for declaratory judgment and immediately thereafter the defendant, Dickerson, instituted the action for damages based upon bad faith and negligence in the state courts of South Carolina.

In the case of Indemnity Ins. Co. of North America v. Schriefer, 142 F.2d

851, Judge Parker, speaking for the Fourth Circuit, said:

"The motion rested upon the claim that since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."

Judge Parker said further in the same case:

"Dealing with the same matter in Maryland Casualty Company v. Boyle Construction Co., 4th Cir. supra, [123 F.2d 565], this court said: 'The federal declaratory judgment act is an important development in procedural law and should be liberally construed. In giving it this liberal construction, however, we must be careful not to encroach upon the state jurisdiction; otherwise we may awake to find that such encroachment has resulted in the act's being repealed or being modified in such way as to render it practically valueless. It furnishes a convenient and appropriate remedy to liability insurance companies where there is a bona fide controversy with the insured over the coverage of the policy or over other matters which can be settled more satisfactorily in such suit than in the ordinary form of litigation; but insurance companies should not be permitted, under the guise of seeking declaratory judgments, to drag into the federal courts the litigation of claims between citizens of the same state

over which it was never intended that the federal courts should exercise jurisdiction."

Judge Parker further said in the case of Aetna Casualty & Surety Company v. Quarles, supra, and repeated in Maryland Casualty Company v. Boyle Construction Co., 4th Cir., 123 F.2d 558:

"As well said by Professor Borchard, (Declaratory Judgments 107–109):

'The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed. In addition, and perhaps, as indicating when a useful purpose will not be served, statute and practice have established the rule that the judgment may be refused where it is "not necessary or proper at the time under all the circumstances. * * *" The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances. In these cases it is neither necessary nor proper to issue the declaration.'"

3. Plaintiff relies upon the case of American Casualty Co. of Reading, Pa. v. Howard (4th Circuit), 173 F.2d 924, but this case is factually distinguishable from the case at bar. In the Howard case, which also was a South Carolina case, two questions were presented to the Federal Court in the action for a declaratory judgment. The first question was the determination under the Insurance Company's policy as to whether or not it was obligated to defend an additional action brought against its insured

in the State Courts of South Carolina to recover damages for pain and suffering of the deceased from the time of the injury until his death; and the second question was the determination as to whether or not the Insurance Company was liable to its insured for failure to settle the wrongful death case within the limits of the policy. In the Howard case the Court pointed out that the Insurance Company was entitled to know in advance whether or not it must defend the additional action and pay any judgment recovered therein. It also pointed out that Howard, the insured, should be informed whether or not he must alone defend the additional action, and whether he alone must pay any judgment recovered in that action. The Court further says that the Insurance Company is not, and cannot be, a party to the additional action in South Carolina and nowhere in South Carolina is there pending any litigation involving the duty of the Insurance Company to defend that action and to pay any judgment that might be recovered therein.

In the case at bar these questions do not arise. All parties admit that there is no question about the insurance policy involved in this case. There is no allegation as to any ambiguity in or question about the policy which requires construction thereof by the Court. The parties admit coverage and maximum limits of liability. The plaintiff, Insurance Company, and the defendant are the only parties to the action in South Carolina. There is no additional action against Dickerson pending in South Carolina, or anywhere else, which the Insurance Company has been called upon to defend or to pay any recovery therein. These matters have already been determined in South Carolina. The only question or controversy between the parties is whether the Insurance Company is liable to Dickerson for the difference between the policy and the Tumbleston judgment. The pleadings have been filed in the South Carolina case and the issue joined and the case is ready for trial. The entire controversy between these parties

can, and should be, fully and properly adjudicated in that action.

■ The Court, in its discretion, grants the defendant's Motion to Dismiss.