# KANSAS CITY SOUTHERN RAILWAY COMPANY
## ET AL. *v.* UNITED STATES ET AL.

No. 517.   Argued January 16, 1931.—Decided February 25, 1931.

*Mr. Samuel W. Moore,* with whom *Messrs. Frank H. Moore* and *Cyrus Crane* were on the brief, for appellants.

*Mr. Daniel W. Knowlton,* Chief Counsel, Interstate Commerce Commission, with whom *Solicitor General Thacher, Assistant to the Attorney General O'Brian,* and *Mr. Nelson Thomas* were on the brief, for the United States et al.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This suit was brought to set aside two orders of the Interstate Commerce Commission of November 4, 1929, and July 30, 1929, respectively (155 I. C. C. 775), relating to the transportation by carriers subject to the Interstate Commerce Act of private passenger-train cars, including so-called office cars, of other carriers free or at other than published tariff rates. The orders are the same as those under review in *Louisville & Nashville R. Co. v. United States, ante,* p. 740. Treating the two orders, which deal with the same subject matter, as substantially one requirement, the appellants challenge it " so far as it prohibits the movement of an office car of another carrier upon such terms as the interested parties may mutually agree upon, when such office car is occupied exclusively by officers and employees of the company owning the car and traveling upon business in connection with the operation of their own railroad." They also object to so much of the order as purports to regulate movements which are strictly intrastate. The District Court,

constituted as required by statute, sustained the orders of the Commission and dismissed the petition.

This suit in the District Court for the Western District of Missouri was begun in February, 1930, sometime after the suit of the *Louisville & Nashville R. Co., supra,* assailing the same orders, was brought in the District Court for the Western District of Kentucky. The petitioners in both suits were parties to the proceeding in which the orders of the Commission were made. The United States and the Interstate Commerce Commission made no reference in their answers in the present case to the pendency of the earlier suit, but after decree in that suit the Commission amended its answer herein, setting up that decision as an affirmative defense. The defense was that the Urgent Deficiencies Act of October 22, 1913 (c. 32, 38 Stat. 208, 219–221; U. S. C. Tit. 28, §§ 43–47) which transferred to the several District Courts the jurisdiction to enjoin orders of the Commission, a jurisdiction formerly vested in the Commerce Court, was not intended to create conflicting jurisdictions among the several District Courts and, after the jurisdiction of one District Court had been unsuccessfully invoked to enjoin an order of the Commission, to permit the jurisdiction of another District Court subsequently invoked to be exercised for a similar purpose.

It is unnecessary to review the history of the legislation authorizing suits to be brought to set aside orders of the Interstate Commerce Commission. The effect of the Urgent Deficiencies Act was to redistribute the jurisdiction of the Commerce Court. *Vicksburg, Shreveport & P. Ry. Co.* v. *Anderson-Tully Co.,* 256 U. S. 408, 414. The venue provisions of the Urgent Deficiencies Act (U. S. C., Tit. 28, § 43) are as follows:

" The venue of any suit brought to enforce, suspend, or set aside, in whole or in part, any order of the Interstate Commerce Commission shall be in the judicial dis-

trict wherein is the residence of the party or any of the parties upon whose petition the order was made, except that where the order does not relate to transportation or is not made upon the petition of any party the venue shall be in the district where the matter complained of in the petition before the commission arises, and except that where the order does not relate either to transportation or to a matter so complained of before the commission the matter covered by the order shall be deemed to arise in the district where one of the petitioners in court has either its principal office or its principal operating office. In case such transportation relates to a through shipment the term 'destination' shall be construed as meaning final destination of such shipment."

We find no provision of the applicable statutes which deprives a District Court of jurisdiction of a suit brought by a party entitled to attack an order of the Interstate Commerce Commission in accordance with these provisions as to venue. But the existence of jurisdiction does not mean that it must be exercised and that grounds may not be shown for staying the hand of the Court. Compare *Langnes* v. *Green, ante,* p. 531. The appellants, upon proper application could have been allowed to intervene in the earlier suit brought for the same purpose in the District Court for the Western District of Kentucky (U. S. C., Tit. 28, § 45a) and could have presented there all of their grounds of attack upon the orders in question. The orders of the Interstate Commerce Commission may apply throughout the country, and there may be cases where the convenience of the parties and the interests of justice may make appropriate separate suits by different parties affected by the same order. The question is thus one for the sound discretion of the District Court, in which such a suit is brought, to determine whether it should be permitted to continue or proceedings therein should be stayed, pending the final outcome of

an earlier suit for the same purpose, to the end that there may not be a multiplicity of suits without substantial reason. As, however, the defendants here did not raise the question of the pendency of the earlier suit until the day of final hearing, several months after the suit was begun, we see no reason for disturbing the action of the District Court in this respect.

Upon the merits, the appellants present the argument that a railway company, in the transportation or movement of an office car of another carrier, acts in the capacity of a private carrier, or bailee, and retains full freedom of contract in relation to such transportation. There is no doubt that common carriers subject to the Interstate Commerce Act may have activities which lie outside the performance of their duties as common carriers and are not subject to the provisions of the Act. *Santa Fe, Prescott & P. Ry. Co.* v. *Grant Brothers Constr. Co.*, 228 U. S. 177, 188; *Terminal Taxicab Co.* v. *Public Utilities Comm.*, 241 U. S. 252. But a common carrier dealing with transportation that is subject to the Act cannot escape its statutory obligations by calling itself a private carrier as to such transportation. This applies to its transactions with other carriers. See *New York, N. H. & H. R. Co.* v. *Interstate Commerce Comm.*, 200 U. S. 361, 391, 392; *Interstate Commerce Comm.* v. *Baltimore & Ohio R. Co.*, 225 U. S. 326, 341, 342. Upon grounds which have been stated in the opinion of the Court in the *Louisville & Nashville* case, *supra*, we have concluded that, in view of the facts found by the Commission, the transportation of the cars in question falls within the provisions of the Interstate Commerce Act, and that the order of the Commission in directing the carriers to cease and desist from transporting such cars free or at less than published transportation rates was within its authority.

With respect to the contention that the Commission's order undertakes to regulate movements of office cars in

intrastate commerce, it is enough to say that no such complaint was made in the petition in this suit. The Commission's order is construed as intended to apply to transportation within the purview of the Interstate Commerce Act, and no different application of it is disclosed by the record.

*Decree affirmed.*