## EXCESS INS. CO. OF AMERICA v. BRILLHART et al.

### No. 2223.

Circuit Court of Appeals, Tenth Circuit.

June 23, 1941.

Rehearing Denied Aug. 28, 1941.

Dick H. Woods, of Kansas City, Mo. (Louis R. Gates, of Kansas City, Kan., and Paul R. Stinson and Ryland, Stinson, Mag & Thompson, all of Kansas City, Mo., on the brief), for appellant.

Clarence C. Chilcott, of Kansas City, Mo. (Stuart T. McAlister and Ratner, McAlister & Mattox, all of Parsons, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from a decree of the District Court of the United States for the District of Kansas dismissing appellant's petition for a declaratory judgment. 28 U.S.C.A. § 400. The sole question presented for consideration is the right of the Excess Insurance Company of America, appellant herein, to maintain an action for a declaratory judgment seeking to determine its liability to appellees under a reinsurance agreement contract executed by it with the Central Mutual Insurance Company of Chicago, Illinois, herein referred to as Central.

Appellant and Central were both engaged in writing indemnity insurance. In 1932 appellant entered into a reinsurance contract with Central whereby it agreed to reinsure the risks assumed by Central under contracts it would write, subject to the conditions and provisions in the contract. In 1934 Central issued a public liability insurance policy to Cooper-Jarrett, Inc., insuring it against loss for liability imposed on it by law resulting from the operation of its trucks in its transport business. In October, 1934, a Cooper-Jarrett truck was involved in an accident resulting in death to appellee Brillhart's decedent and injury to appellee Walter C. Young. Immediately after the accident, appellees filed separate actions against Cooper-Jarrett to recover damages in the Circuit Court of Jackson County, Missouri. Central was tendered the defense of the suits, but declined on the ground that the accident was not within the coverage of the policy. Cooper-Jarrett thereupon employed attorneys, who filed answers traversing the allegations of the respective petitions.

In 1937 Central became insolvent and was liquidated in the Circuit Court of Cook County, Illinois. An order was entered restraining all claimants from prosecuting actions against it. No claims were filed by appellees with the receiver of Central and any liability against it on the policy has been extinguished.

Subsequent to the receivership of Central, Cooper-Jarrett undertook reorganization proceedings under Section 77B of the National Bankruptcy Act, 11 U.S.C.A. § 207. Appellees both filed their claims in this proceeding. Thereafter, on April 1, 1939, the bankruptcy court entered an order permitting them to withdraw their claims and prosecute their action in the District Court on the ground that Cooper-Jarrett had insurance. The attorneys who had filed answers for Cooper-Jarrett in the damage actions withdrew September 30, 1937. No other attorneys were employed thereafter by Cooper-Jarrett to represent it in the pending actions. On April 22, 1939, default judgments were entered by the Circuit Court of Jackson County, Missouri, against Cooper-Jarrett and in favor of appellee. After the default judgments, garnishment proceedings were instituted against Central, in violation of the order of the Circuit Court of Cook County, by summons delivered to the Superintendent of Insurance of Missouri. Judgment was entered in favor of appellee Young in these proceedings on February 9, 1940, and also apparently in favor of appellee Brillhart on June 28, 1940.

At no time was appellant ever notified by Central of the accident or of the suits filed in the Cook County Court. The first notice of any kind it ever received was in a letter from Frank P. Barker, attorney for Cooper-Jarrett in the reorganization proceedings, on February 9, 1939. In this letter Barker stated that he had learned that appellant had reinsured Central's risk and asked confirmation thereof. He listed the cases pending against Cooper-Jarrett, including those of appellees. Appellant replied that it had no knowledge of these cases and referred him to the receiver for Central.

Appellant filed its bill of complaint against appellees April 10, 1940, in the District Court of the United States for the District of Kansas, seeking a declaratory judgment determining its liability to them under the reinsurance contract be-

tween it and Central. It is not necessary to set out the allegations of the bill of complaint. It contained the usual allegations found in such an action. The bill clearly stated a justiciable controversy. Nor is it claimed by appellees that there was a failure to state a justiciable controversy. The assertion rather is that an action was pending in another forum in which the rights of the parties might have been settled and that therefore the trial court acted within its discretionary powers in dismissing the declaratory judgment action and requiring the parties to litigate their rights in the other pending action.

■ Ordinarily a court having jurisdiction of the subject matter and over the parties to a justiciable controversy must exercise that jurisdiction. This is, however, not an absolute mandate and the court has some discretionary power as to whether it will in each instance assume and exercise the jurisdiction which the statute confers. Kansas City So. Ry. Co. v. United States, 282 U.S. 760, 763, 51 S.Ct. 304, 306, 75 L.Ed. 684; Canada Malting Co., Ltd., v. Paterson Steamships, Ltd., 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837; American Automobile Ins. Co. v. Freundt et al., 7 Cir., 103 F.2d 613; United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288.

■ Where a prior action has been filed in a court of concurrent jurisdiction between the same parties and involving the same issues, and a decision by that court would adjudicate all the rights of the parties, a federal court, although having jurisdiction to entertain an action brought by a defendant in the pending cause, may within its discretionary powers refuse to entertain jurisdiction. Aetna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Maryland Casualty Co. v. Consumers Finance Service, Inc., 3 Cir., 101 F.2d 514; Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665.

■ But a federal court may not refuse to assume jurisdiction merely on the ground that another remedy is available or because another suit is pending, if the controversy between the parties will not necessarily be determined therein. Maryland Casualty Co. v. Consumers Finance Service, Inc., supra.

At the time appellant filed its action for a declaratory judgment, no action was pending in any court in which it was a party. No proceeding had been instituted in which its liability as a reinsurer of Central's risks was an issue. The only proceeding pending in any court was the garnishment action instituted by appellees in the District Court of Jackson County, Missouri, against Central; appellant was not a party to that cause. The liability of Central, if any, arose under the contract executed by it with Cooper-Jarrett, while the liability of appellant to appellees, if any, arose under a separate agreement between it and Central. The issues in the garnishment action could not determine the liability of appellant under its reinsurance contract.

■ The intent of Congress in passing the declaratory judgment act was to afford one who is threatened with liability an early opportunity to determine his rights by forcing his adversary to come into court and assert his claim, without waiting until it pleased him to institute an action to recover, and thus minimize the danger of loss. E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Milwaukee Gas Specialty Co. v. Mercoid Corp., 7 Cir., 104 F.2d 589.

■ The situation in which appellant found itself was squarely within the purview of the act. It was faced with a possible claim of liability on its policy of reinsurance. In fact, appellees now claim that appellant is liable to them. No claims had been asserted against it; no suit had been filed in any court seeking to hold it liable; but the contingent liability was there. It was not compelled to await the time and pleasure of appellees in instituting their action. It had a clear right to go into a federal court of competent jurisdiction, which had jurisdiction over appellees, and ask that they be compelled to come in and assert their claims.

The trial court exceeded its discretionary powers in dismissing appellant's bill of complaint. The cause is therefor reversed and remanded with directions to reinstate the bill of complaint and proceed with the determination of the issues.

Reversed and remanded.