**BOROUGH OF MOOSIC, Plaintiff,**

**Milton J. Shapp and City of Scranton, Intervening Plaintiffs,**

v.

**UNITED STATES of America, Defendant,**

and

**Interstate Commerce Commission, New York Central Railroad Company, and Pennsylvania Railroad Company, Intervening Defendants.**

**Civ. A. No. 10054.**

United States District Court
M. D. Pennsylvania.

July 13, 1967.

514

Christopher T. Powell, Scranton, Pa., Gordon P. MacDougall, Leon H. Keyserling, Washington, D. C., Israel Packel, Philadelphia, Pa., Robert P. Casey, Scranton, Pa., for Borough of Moosic.

Bernard J. Brown, U. S. Atty., Scranton, Pa., Howard E. Shapiro, Dept. of Justice, Robert W. Ginnane, ICC, Jerome Nelson, ICC, Washington, D. C., for United States.

Egli, Walter, Long & Reilly, Lebanon, Pa., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., Howard J. Trienens, of Sidley & Austin, Chicago, Ill., for Norfolk and Western Ry. Co.

Joseph E. Gallagher, Scranton, Pa., Windsor F. Cousins, Philadelphia, Pa.,

Hugh B. Cox and Henry P. Sailor, Washington, D. C., for Pennsylvania R. Co.

James B. Gray and Jerome Shapiro, New York City, Joseph E. Gallagher, Scranton, Pa., for New York Central R. Co.

J. Julius Levy, Scranton, Pa., Paul Coughlin, Jr., of Nixon, Mudge, Rose, Guthrie, Alexander & Mitchell, New York City, for Delaware and Hudson R. Co.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., Thomas D. Barr, of Cravath, Swaine & Moore, New York City, for Erie-Lackawanna R. Co.

William P. Quinn, Philadelphia, Pa., for Reading Co.

Martin J. Flynn, of Gardner & Shea, Washington, D. C., for Central R. Co. of New Jersey.

Harvey Gelb, Scranton, Pa., for City of Scranton.

Joseph F. McCloskey, Pottsville, Pa., for City of Pottsville.

Hogan & Hartson, Washington, D. C., for Boston and Maine Railroad.

Gordon P. MacDougall, Washington, D. C., Israel Packel, Philadelphia, Pa., for Milton J. Shapp.

Robert M. Harris, Asst. Counsel, Harrisburg, Pa., for Commonwealth of Pennsylvania.

Edward G. Bauer, Jr., City Sol., Matthew W. Bullock, Jr., Second Deputy City Sol., Herbert Smolen, Asst. City Sol., Philadelphia, Pa., for City of Philadelphia.

Before VAN DUSEN, Circuit Judge, and SHERIDAN and NEALON, District Judges.

MEMORANDUM SUR MOTIONS OF DEFENDANT AND INTERVENING DEFENDANTS FOR A STAY

PER CURIAM.

This action seeks to enjoin permanently, set aside and annul these June 9, 1967 (served June 12) Orders of the In-

terstate Commerce Commission under 28 U.S.C. § 1336:

A. Pennsylvania Railroad Company-New York Central Company Merger 21989-90 (hereinafter I. C. C. Penn-Central merger proceeding)—see Appendix 1 to Complaint.

B. Norfolk & Western Railway Co. and New York, Chicago & St. Louis Railroad Co.—Finance Docket 21510 et al. (hereinafter I. C. C. N & W-Nickel Plate merger proceeding)—see Appendix 2 to the Complaint.[1]

This case is now before the court on motions of defendant and intervening defendants for a stay of all proceedings. The background of the I. C. C. proceedings and court cases leading up to the application for a stay of proceedings is summarized in Erie Lackawanna Railroad Co. v. United States, 259 F.Supp. 964 (S.D.N.Y.1966); Baltimore & O. R. Co. v. United States, 386 U.S. 372, 87 S. Ct. 1100, 18 L.Ed.2d 159 (1967); Erie-Lackawanna Railroad Company v. United States of America et al., (S.D.N.Y. 66 Civ. 2860, 2903 & 2914, Memorandum Order of 7/3/67).[2] On the morning of July 7, 1967, the I.C.C. postponed the effective date of the inclusion order covering the Erie-Lackawanna Railroad Company (E-L), Delaware and Hudson Railroad Company (D & H), and the Boston and Maine Corporation (B & M) in the I. C. C. N & W-Nickel Plate merger proceeding pending its decision on petitions for reconsideration of the June inclusion order in the N & W-Nickel Plate merger proceedings by B & M and D & H.

These mergers have been considered by the I. C. C. as incident to what the Supreme Court of the United States has described as "the desire of the Congress that the industry proceed toward an integrated national transportation system through substantial corporate simplification." County of Marin v. United States, 356 U.S. 412, 417-418, 78 S.Ct. 880, 883, 2 L.Ed.2d 879 (1958), which was quoted with approval in Baltimore & O. R. Co. v. United States, 386 U.S. 372, 387, 87 S.Ct. 1100, 18 L.Ed.2d 159 (1967).

The Supreme Court of the United States has emphasized the need for expedition of all litigation challenging the Penn-Central merger, using this language in Baltimore & O. R. Co. v. United States, supra, at 392, 87 S.Ct. at 1110:

"The Penn-Central merger has been studied for a decade. Indeed, the parties to the merger agreed to it over five years ago and it has been under Commission consideration ever since that time. This is, of course, the more reason for expedition. We note and give weight to the estimates of the Commission that the inclusion proceedings of the three roads in the N & W should be concluded in 'a relatively short time.' Our remand should, therefore, entail only a very short delay before the Commission. If its order is attacked in court the hearing there can be expedited, as was this one, and an early determination made."

At the hearing on the above Motion on July 7, the United States and the Interstate Commerce Commission stipulated of record that as defendants in the above-mentioned civil actions pend-

---

1. An order of the I.C.C. permitting the Chesapeake & Ohio Railway Co. (C & O) to control the Baltimore and Ohio Railroad Company (B & O), which "owns 38% voting control of the Reading [Company] which in turn controls" Central Railroad of New Jersey (see 386 U.S. 372, at 383, 87 S.Ct. 1100, at 1106, 18 L.Ed.2d 159), was sustained in Brotherhood of Maintenance of Way Employees v. United States, 221 F.Supp. 19 (E.D. Mich.1963), aff'd. 375 U.S. 216, 84 S. Ct. 341, 11 L.Ed.2d 270 (1963). The C & O-B & O systems seek to merge

with the N & W system into a single system, which has offered "to include" E-L, D & H, B & M, The Reading Company and CNJ "therein subject to various conditions (see 386 U.S. 372 at 384, 87 S.Ct. 1100).

2. Related proceedings pending in the U.S. District Court for the Southern District of New York are Erie-Lackawanna Railroad Co. v. United States and Norfolk and Western Railway Co., No. 67 Civ. 2362, and Delaware and Hudson and Boston and Maine v. United States, No. 67 Civ. 2451.

ing in the United States District Court for the Southern District of New York, they would make no objection to, and would welcome, the intervention of plaintiff in this action as an intervening plaintiff there prior to the July 17 deadline established by that court in its July 3 Memorandum Order and that, in the interest of prompt dispatch of the important federal judicial litigation, which is involved in this case, plaintiff's complaint should be considered by the above-mentioned New York Federal Court. Trial counsel for the City of Scranton and Mr. Shapp, who have been active intervenors in the New York Federal Court since the inception of 66 Civ. 2860, is also one of counsel for plaintiff. An examination of the complaint filed in this action (VIII A on pages 5–10) discloses that it is virtually identical with the complaint of such intervening plaintiffs in 66 Civ. 2860 insofar as such complaints attack the Penn-Central merger. Subsections y–bb (four subparagraphs) of this Complaint, which are not in the Complaint in 66 Civ. 2860, challenge inclusion of the New Haven Railroad in the merger and the failure to consider reported earnings of Penn-Central for the first three months of 1967. No reason has been shown why these matters cannot be raised in 66 Civ. 2860 before July 17.

Also, many of the issues covered by this complaint may be covered by the scheduled final hearing to be held before the New York Federal Court on September 18, 1967. In the Memorandum Order of July 3, 1967, this language appears:

"The Supreme Court made it clear that the issues of 'the validity of the merger, the special conditions of Appendix G, the modified order of the Commission, or the peripheral points posed by the various parties,' ibid., remained for final determination in these actions * * *. If the actions remain pending for the grant of relief which the N & W and its allies want, especially for what, as will hereafter appear, we consider relief that may go beyond the Supreme Court's mandate, they are pending for other purposes as well.

\* \* \* \* \* \*

"Each plaintiff or intervening plaintiff in such actions shall file and serve on or before July 17, 1967 a supplemental complaint setting forth in what respects it objects to the order in F. D. No. 21989 as this now stands and *what further relief it seeks.*" [Emphasis supplied.]

It is not clear exactly how many issues challenged by the attack made in VIII B and C (pages 10–12) of this complaint will be considered at the New York Federal Court's final hearing on September 18. However, the above-quoted language from the July 3 Memorandum Order makes it likely that most, if not all, of them will be so considered if they are raised in supplemental complaints or an intervening complaint filed by the plaintiff on or before July 17.[3]

3. In footnote 9 on page 949 of New York Central Railroad Company v. United States, 200 F.Supp. 944 (S.D.N.Y.1961), it is noted that Professor Moore believes that an intervenor's complaint may expand the issues presented by the original plaintiff, even though that court reached a different conclusion on the facts of that case. It may be that avoidance of a multiplicity of suits concerning these two larger mergers will justify requiring a party such as this plaintiff to intervene, both in the New York Federal Court as well as in the Virginia Federal Court (Norfolk and Western Ry. Co. v. United States, C.A. 67-C-51-R in W.D. of Va.— Roanoke Div.), since the actions in both those courts, which are more convenient to the litigants who produced most of the documents and records in the administrative proceedings being attacked, were instituted prior to this action. If parties such as plaintiff are required to litigate their challenges to administrative orders affecting large numbers of persons over large areas in one or two centrally located courts, it would seem likely that Professor Moore's rule would be applied at least in such cases. In any event, it may well be necessary to limit this action to matters which are not permitted to be raised in the New York Federal Court.

An application to modify the stay of proceedings in this case may be made, if appropriate, after August 8, when the supplemental complaints and briefs of the moving parties have been filed in New York Federal Court cases. Also, it is noted that the basic attack in this complaint is on the Penn-Central merger and plaintiff contends the railroads in its Borough (E-L and D & H) were forced to apply to participate in the N & W merger by the Penn-Central merger proposal.

■ The venue language of 28 U.S.C. § 1398 does not preclude the granting of a stay in a proceeding to enjoin an order of the I. C. C. in view of this language of the Supreme Court of the United States in Kansas City Southern Ry. v. United States, 282 U.S. 760, 763–764, 51 S.Ct. 304, 306, 75 L.Ed. 684 (1931):

> "The question is thus one for the sound discretion of the District Court, in which such a suit is brought, to determine whether it should be permitted to continue or proceedings therein should be stayed, pending the final outcome of an earlier suit for the same purpose, *to the end that there may not be a multiplicity of suits without substantial reason. * * *"* [Emphasis added.]

■ Both the Supreme Court of the United States and the United States Court of Appeals for the Third Circuit have stated that the rule that "the court which first has possession of the subject must decide it" is "salutary." See Smith v. McIver, 9 Wheat. 532, 22 U.S. 532, 535, 6 L.Ed. 152 (1824); Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925, 929–930 (3rd Cir. 1941). In the latter case, Judge Maris used this language at page 930:

> "It is of obvious importance to all litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals. No party has a vested right to have his cause tried by one judge rather

than by another of equal jurisdiction. * * * The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste, of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties."

Cf. Popkin v. Eastern Airlines, Inc., 204 F.Supp. 426, 432–433 (E.D.Pa.1962). See, also, authorities cited at pages 16–18 of defendant's Memorandum attached to its Motion To Stay Further Proceedings. In footnote 3 of the Memorandum Order of July 3, 1967, the New York Federal Court pointed out:

> "3. Once we entertained E-L's suit to enjoin the merger, actions in other districts seeking the same relief might well have been stayed by those courts on the United States' stipulating not to contest venue here. See Kansas City Southern Ry. v. United States, 282 U.S. 760, 763–64 [51 S.Ct. 304, 75 L.Ed. 684] (1931); New York Central R. R. v. United States, 200 F.Supp. 944, 950–951 (S.D.N.Y. 1961)."

■ For the foregoing reasons, a stay of all proceedings will be granted at this time until October 1, 1967 (approximately two weeks after the September 18 final hearing date) or further order of this court, with leave granted to any party or amicus curiae to apply for modification of such stay if future circumstances justify such application.

It is not necessary to rule at this time on defendant's suggestion that the stay provide that plaintiff's and intervenor-plaintiffs' complaints will be dismissed with prejudice if they do not seek to

**518**

intervene or file supplemental complaints in the above New York Federal Court litigation.

Plaintiff and defendant are requested to give the court a report on the status of other litigation concerning the I. C. C. orders attacked in this case and of all court litigation concerning them no later than September 5, 1967.

In view of the terms of 28 U.S.C. § 2323 and the statements in the record showing that the following are parties to the relevant I. C. C. proceedings, they have been permitted to intervene in this proceeding:

Milton J. Shapp, as a party plaintiff

City of Scranton, as a party plaintiff

New York Central Railroad Company, as a party defendant

Pennsylvania Railroad Company, as a party defendant

Interstate Commerce Commission, as a party defendant

However, all parties must recognize that the above-mentioned litigation was commenced in the New York and Virginia (footnote 3) Federal Courts before the institution of this suit and their rights may be affected if they do not seek to intervene promptly in one or both of those proceedings. Also, additional consequences may be applicable to Mr. Shapp and the City of Scranton if they fail to press their claims in the New York Federal Court since they have been parties to that proceeding for almost a year.

Since the City of Pottsville is not located in this District (28 U.S.C. § 1398) and the defendant has objected to parties raising their objections to these I. C. C. Orders other than in the Southern District of New York, its application to intervene must be denied.

The application of the City of Philadelphia cannot be granted until it files and serves a copy of its proposed Answer to be attached to its Motion. See F.R.Civ.P. 24(c).