ERIE–LACKAWANNA RAILROAD COMPANY, Plaintiff,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants.

The BALTIMORE AND OHIO RAILROAD COMPANY, the Chesapeake and Ohio Railway Company, Norfolk and Western Railway Company, Plaintiffs,

v.

UNITED STATES of America, Defendant.

The CENTRAL RAILROAD COMPANY OF NEW JERSEY and Reading Company, Plaintiffs,

v.

UNITED STATES of America, Defendant.

The DELAWARE AND HUDSON RAILROAD CORPORATION, Plaintiff,

v.

UNITED STATES of America, Defendant,

and

Interstate Commerce Commission, Intervening Defendant.

Nos. 66 Civ. 2860, 2903, 2914, 2451.

United States District Court
S. D. New York.

July 26, 1967.

See also D.C., 279 F.Supp. 316.

———◆———

Shea & Gardner, Washington, D. C., for trustees of the property of Central Railroad of New Jersey, Debtor. William H. Dempsey, Jr., Washington, D. C., of counsel.

Gordon P. MacDougall, Washington, D. C., for City of Scranton and Milton J. Shapp.

Richard J. Lally, New York City, for Central Railroad of New Jersey.

Kelley, Drye, Newhall, Maginnes & Warren, New York City, for Norfolk & Western Railway, Frank H. Heiss, New York City, of counsel.

Migdal, Low, Tenney & Glass, New York City, for New Haven Bondholders Committee, Lawrence W. Pollack, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for Erie-Lackawanna Railroad, Thomas D. Barr, and Eldon Olson, New York City, of counsel.

Hogan & Hartson, Washington, D. C., for Boston & Maine Corp., Edward A. McDermott, and James A. Belson, Washington, D. C., of counsel.

Gerald E. Dwyer, New York City, for New York Central Railroad Company, James B. Gray and J. H. Shapiro, New York City, of counsel.

Robert W. Ginnane and Fritz R. Kahn, Washington, D. C., for Interstate Commerce Commission.

Conboy, Hewitt, O'Brien & Boardman, New York City, for The Pennsylvania Railroad Company, Hobart L. Brinsmade, David J. Mountan, Jr., New York City, and Windsor F. Cousins, Philadelphia, Pa., of counsel.

Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, Brian J. Gallagher, Asst. U. S. Atty., for the United States and Interstate Commerce Commission, Howard E. Shapiro and William R. Weissman, Attys., Dept. of Justice, of counsel.

Richard B. Wachenfeld, Hoboken, N. J., for the Central RR Co. of New Jersey.

Sidley & Austin, Chicago, Ill., for Norfolk & Western Railway Co., Howard J. Trienens, Chicago, Ill., of counsel.

Nixon, Mudge, Rose, Guthrie & Alexander, New York City, for Delaware & Hudson Railroad Corp., Harry G. Silleck, Jr., New York City, of counsel.

Memorandum on Motion for Injunction

Before FRIENDLY, Circuit Judge, and LEVET and WEINFELD, District Judges.

PER CURIAM.

The United States of America and the Interstate Commerce Commission have moved this Court to enjoin

(1) the Norfolk and Western Railway Company from taking any further action in Civil Action No. 67–C–51–R, Norfolk and Western Ry. v. United States, before the United States District Court for the Western District of Virginia; and

(2) the City of Scranton and Milton J. Shapp from taking any further action in Civil Action No. 10054, Borough of Moosic et al. v. United States, 272 F.Supp. 513 before the United States District Court for the Middle District of Pennsylvania,

pending final determination of the instant actions by this Court.

For reasons indicated in our Memorandum Order of July 3, 1967, and in our order of today's date denying the motion of the City of Scranton and Shapp for a stay of 66 Civ. 2860 or for leave to dismiss their intervening complaint in that action without prejudice and on the basis of the authorities cited in the Memorandum in Support of the Motion, we entertain no doubt of the power and propriety of granting the relief sought by the United States and the Commission against them insofar as this relates to issues that can be litigated in the action in this court in which they have inter-

vened, and we would do this if there were any evidence of need. However, the District Court for the Middle District of Pennsylvania has stayed proceedings in that court in Civ. No. 10054 until October 1, 1967, or further order of the court, and before that time we shall either have heard these parties in 66 Civ. 2860 or, if they should choose not to prosecute their intervening complaint, will have dismissed it with prejudice.

The portion of the motion asking us to enjoin the City of Scranton and Shapp from prosecuting so much of Civ. No. 10054 in the Middle District of Pennsylvania as relates to the inclusion order, and the N & W from prosecuting Civ. No. 67–C–51–E in the Western District of Virginia raises a closer question. While we have no desire to assume additional burdens, we must agree with the United States and the Commission, as the District Court for the Western District of Virginia also appears to do, that the "inclusion" case is sufficiently interrelated with the "merger" case that the public interest would be best served by their being handled by a single court of first instance, which is able to entertain both.[1] We agree also that the few days priority in time of the N & W's action in the Western District of Virginia with respect to the inclusion order over the D & H's action in this court in which the B & M has intervened, although relevant, is not conclusive in determining what district court should review an

---

[1] This is sufficiently evidenced by the N & W's motion that we enjoin the merger pending final determination of both the merger action and the inclusion action. In our Memorandum Order of July 3, 1967, we indicated that if we found the merger order valid our determination whether or not to enjoin the merger pending final determination of the inclusion proceeding might well depend on the nature and substantiality of the objections to the inclusion order—a problem in which the aggravated plight of the New Haven, see Judge Anderson's memorandum of July 11, 1967, may be of great importance. If we are seized of the inclusion action, we shall not have the embarrassment of being obliged to predict the views of another court. Also, as made clear by the Erie-Lacka-

wanna's petition for reconsideration to the Commission in the merger case, the lack of a capital indemnity provision, a point that may well come before us in the merger case, is important only if N & W's objections to the inclusion order are sustained. Again an important basis for the Commission's rejection of N & W's principal objection to the inclusion order, namely, that this should be deferred pending consideration of its merger with C & O—B & O, was that such a postponement would further delay the Penn-Central merger; this ground would appear more weighty to a court which had satisfied itself of the validity of that merger than to one unfamiliar with it. We cite these simply as examples, not as an all inclusive list.

order of the Interstate Commerce Commission. Compare Eastern Air Lines, Inc. v. C.A.B., 122 U.S.App.D.C. 375, 354 F.2d 507, 511 (1965). While the N & W's winning the race would normally be a sufficient reason for deferring to the District Court for the Western District of Virginia, with the D & H and the B & M having the right to intervene there, if the inclusion order stood alone, this may not be so when review of the inclusion order in this court, equally feasible in light of our grant of the motion of the United States and the Interstate Commerce Commission to join the N & W, would have the advantage of bringing the merger order and the closely related inclusion order before the same court. With only questions of law at issue and with an appeal as of right to the Supreme Court the considerations that usually favor allowing the plaintiff that has won the race to the courthouse to retain his victory lose much of their force. Indeed, the Amended Pre-Trial Order of the District Court for the Western District of Virginia made clear that the continuance of the N & W's action "shall not be construed to preclude any party from applying to the District Court for the Southern District of New York for an injunction restraining the other parties from the further prosecution of this action."

However, here again we see no sufficient reason for now deciding whether we could or should grant the injunction that is sought. The District Court for the Middle District of Pennsylvania has stayed the action there as we have indicated, the two judges of the District Court for the Western District of Virginia who were present at the hearing on July 11 and signed the Amended Pre-Trial Order of July 14, 1967 were of the view that the issues in Civil Action No. 67–C–51–R should be litigated in this court, and our order of even date has provided for a hearing at what appears to be the earliest practicable time.

We shall therefore leave the motion for an injunction undecided, with leave to the United States or the Interstate Commerce Commission to bring it on for further hearing on five days notice if occasion therefor should arise.