Norman H. BERTELS, Jr., and Mary H. Bertels, husband and wife, Plaintiffs,

v.

W. S. SULLIVAN, Robert E. Kane, Jr.
and
American Fidelity Fire Insurance Company, a New York Corporation,
Defendants.

AUTOMOBILE AGENCIES OF AMERICA, LTD., a Virginia Corporation,
Plaintiff,

v.

W. S. SULLIVAN, Robert E. Kane, Jr.
and
American Fidelity Fire Insurance Company, a New York Corporation,
Defendants.

Wilbur K. HAMMAKER and Mollie Jo Hammaker, husband and wife,
Plaintiffs,

v.

W. S. SULLIVAN, Robert E. Kane, Jr.
and
American Fidelity Fire Insurance Company, a New York Corporation,
Defendants.

Donald L. PARKER and Gloria R. Parker, husband and wife, Plaintiffs,

v.

W. S. SULLIVAN, Robert E. Kane, Jr.
and
American Fidelity Fire Insurance Company, a New York Corporation,
Defendants.

Civ. A. Nos. 6590–N, 6591–N, 6592–N and 6593–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Feb. 12, 1970.

Wayne Lustig, Norfolk, Va., for plaintiffs.

William S. Sullivan, Richmond, Va., for defendants.

## MEMORANDUM ORDER

KELLAM, District Judge.

In January 1968 the above named plaintiffs filed separate bills in chancery in the Circuit Court of the City of Virginia Beach, Virginia, seeking to have released and discharged the lien of a deed of trust made by plaintiffs, and for "such other and further general relief as the nature of their case may require or to equity shall seem meet." Each complaint contained similar allegations that all sums due on the promissory note secured by the deed of trust had been paid except the final payment, which they were ready to pay, but that defendants had refused to accept tender of the final payment and refused to release said lien. Plaintiffs sought the right to pay the balance due under said trust into court, and have the court order the trust released pursuant to Section 55–66.5, Code of Virginia, 1950, as amended.

The four suits were removed to this Court on the basis of diversity of citizenship. After removal, defendants moved (1) to dismiss the complaints on the grounds that the complainants had not given the defendants notice as required by the aforesaid Virginia statute, and that a proceeding under the aforesaid Virginia statute does not confer jurisdiction to litigate collateral issues; (2) to stay the proceedings until issues in this matter can be determined in actions pending in the Supreme Court of New York, Nassau County; and (3) to consolidate the four causes for trial.

## MOTION TO CONSOLIDATE

■ In each of the four suits the defendants, the causes of action, and the relief sought are the same. It appears the questions of law and fact will be the same in each case, at least in all major respects. This is the situation contemplated by Rule 42(a) of the Federal Rules of Civil Procedure. The causes are therefore ordered consolidated for trial.

## MOTION TO DISMISS

Defendants' motions to dismiss are founded upon the assertion that plaintiffs' actions are predicated upon Section 55–66.5 of the Code of Virginia, 1950, as amended, which provides:

(a) Any person who owns or has any interest in real estate or personal property on which such encumbrance exists may, after twenty days' notice thereof to the person entitled to such encumbrance, apply to the circuit or corporation court of the county or corporation in whose clerk's office such encumbrance is recorded * * * to have the same released or discharged; and upon proof that it has been paid or discharged * * * such court shall order the same to be entered * * * in the book where the encumbrance is recorded, which entry * * * shall operate as a release of such encumbrance.

(b) If it be made to appear to the court * * * that tender has been made of the sum due thereon but * * refused * * * the court may * * order the sum due to be paid into court * * * and * * * order the same to be recorded as provided in subsection (a) * * * which * * * shall operate as a release.

Defendants say the actions should be dismissed because the "twenty days" notice called for by the statute was not given, and the statute does not give jurisdiction to litigate collateral issues. They cite the case of Wagner v. Peters, 142 Va. 421, 128 S.E. 445. There the court held that in a proceeding under the statute to have an encumbrance which has been paid or discharged released, the statute did not authorize decision of collateral issues. There the court said the "statute affords a summary and expeditious remedy for a debtor who has paid the debt secured, 'upon proof that it has been paid or discharged' to have the record show this." It is purely a statutory proceeding. All that need be done is give twenty days notice to the "person entitled to such encumbrance," that on

the day named in the notice proof will be offered that the encumbrance has been paid or discharged, and application made to the court to release the same. No formal pleadings are required. However, plaintiffs did not proceed in this "summary" way. They filed a complaint before a court exercising general equity jurisdiction. Section 17–123, Code of Virginia, 1950, as amended. Equity courts have long had jurisdiction to determine the rights of parties in land, liens and other related issues, and to establish and release liens.

A copy of the deed of trust is filed as an exhibit in this case. It secures the payment of a promissory note in the sum of $220,000.00, and also secures "the performance of all the covenants, conditions, stipulations and agreements * * * contained in that certain agreement of June 9, 1967 * * * between American Fidelity Fire Insurance Company and Parham General Agency, Inc. * * Donald L. Parker, Wilbur K. Hammaker and Norman H. Bertels, Jr."

 Since the suit is one in equity under the general equity jurisdiction of the court, and not a summary statutory proceeding, even though some of the relief obtainable under the statute is sought here [as well as other relief], the giving of the notice in the manner provided for under Section 55–66.5 of the Code of Virginia, 1950, is not mandatory. Actually, under the general equity rules, copy of the complaint was served on defendants and they were given 20 days within which to answer. Nor do the limitations of said statute apply to the equity proceedings. The court having taken jurisdiction, has jurisdiction to grant all and complete relief. The motion to dismiss is denied.

## MOTION TO STAY

The deed of trust sought to be released in this consolidated action, secures a debt originally $220,000.00, upon which plaintiffs say there is a balance due of $35,000.00, and in addition secures the performance of an agreement between plaintiffs and defendant, American Fidelity Fire Insurance Company (American). Considerable dispute exists between the parties concerning that agreement, and its performance. On November 30, 1967, American instituted action against plaintiffs in the Supreme Court of New York, Nassau County, alleging the plaintiffs herein had breached that agreement. Defendants answered December 30, 1967, alleging a repudiation and breach of said agreement. On December 20, 1967, thereafter amended January 12, 1968, the plaintiffs herein instituted action against American and others, alleging American had repudiated and breached the agreement of June 9, 1967, aforementioned. American answered denying such breach. By order of February 5, 1968, said suits were consolidated for trial.

These consolidated actions at bar were filed in the Circuit Court of the City of Virginia Beach on January 18, 1968. Petitions for removal to this Court were filed February 12, 1968. Plaintiffs herein filed motions to remand on February 16, 1968, which were denied by order of April 11, 1968.

 The issues raised in this case are before the New York Court, as are the parties. A determination of the issues in the New York suit will determine the questions here raised. The suit in New York by American against these plaintiffs, and plaintiffs' suit in New York against American, were each instituted before this consolidated suit was filed. Considerable discovery has been taken in the New York suit. However, subsequent to the filing of the New York suits, some criminal actions arose involving certain of the plaintiffs here. As a result, they declined to answer questions on discovery until an agreement was reached between the parties and the New York Court that discovery would proceed on condition the transcribed testimony would be sealed, subject to order of the Court or until the criminal proceedings were determined. Many discovery depositions have now been taken and are now under seal. Plaintiffs submitted to the

jurisdiction of the New York Court and there invoked its jurisdiction for relief. They ought not now be permitted to repudiate it. In Kansas City Southern Railway Company v. United States, 282 U.S. 760, at page 763, 51 S.Ct. 304, at p. 306, 75 L.Ed. 684, it is said:

> The question is thus one for the sound discretion of the District Court, in which such a suit is brought, to determine whether it should be permitted to continue or proceedings therein should be stayed, pending the final outcome of an earlier suit for the same purpose, to the end that there may not be a multiplicity of suits without substantial reason.

When a court has assumed jurisdiction over the subject matter of a suit, and is ready, willing and able to dispose of the litigation, other courts should refrain from interference. Its jurisdiction ought to hold to the exclusion of all others.

This consolidated action is therefore ordered stayed pending a disposition of the action in the Supreme Court of New York, Nassau County. Counsel are requested to keep the Court advised of the progress of the New York suit, with a report each six months.