**INFINITY COMPUTER PRODUCTS, INC., Plaintiff,**

v.

**BROTHER INTERNATIONAL CORPORATION, et al., Defendants.**

**Civil Action No. 10–cv–3175.**

United States District Court, E.D. Pennsylvania.

Nov. 16, 2012.

Douglas L. Bridges, Heninger Garrison
Davis LLC, Mobile, AL, Graham B. Fire-

stone, Jacqueline R. Knapp, Jonathan R. Miller, Heninger Garrison Davis LLC, Atlanta, GA, Robert L. Sachs, Jr., Shrager, Spivey, Sachs & Weinstock, Philadelphia, PA, Timothy C. Davis, William Lewis Garrison, Jr., Heninger Garrison Davis, Birmingham, AL, for Plaintiff.

Mark A. Aronchick, Dylan J. Steinberg, Hangley Aronchick Segal & Pudlin, Louis Evan Vangorder, Ogletree Deakins Nash Smoak & Stewart PC, Philadelphia, PA, David Mitchell Schlitz, William S. Foster, Jr., Baker Botts LLP, Washington, DC, for Defendants.

Timothy C. Meece, Bradley C. Wright, Jason Shull, V. Bryan Medlock, Jr., Banner & Witcoff, Ltd., Chicago, IL, for Lexmark International, Inc.

## ORDER

LEGROME D. DAVIS, District Judge.

AND NOW, this 16th day of November, 2012, upon consideration of: (1) Certain Defendants' Renewed Motion to Dismiss or Sever Based on Misjoinder (Doc. No. 260), Plaintiff's response thereto (Doc. No. 265), Defendants' Reply in Further Support of their Motion (Doc. No. 272), and Plaintiff's Sur–Reply in Opposition (Doc. No. 276); and (2) `Dell Inc.'s Renewed Motion to Sever and Stay (Doc. No. 261), Plaintiff's response thereto (Doc. No. 266), Dell's Reply in Further Support of its Motion (Doc. No. 269), and Plaintiff's Sur–Reply in Opposition (Doc. No. 275), it is hereby ORDERED that the Motions are GRANTED IN PART to the extent that they seek severance. Dell's Motion to Stay is DENIED.

### I. *Factual Background*

In its Amended Complaint (Doc. No. 151), Plaintiff Infinity Computer Products, Inc. ("Infinity") alleges that fifteen Defendants [1] infringed upon U.S. Patent Numbers. 6,894,811 and 7,489,423 (collectively "the Infinity Patents"). The Infinity Patents protect an "interface circuit for utilizing a facsimile coupled to a PC as a scanner or printer." (Doc. No. 151 at ¶¶ 35–36). Plaintiff alleges that each Defendant infringed upon the Infinity Patents by, *inter alia*, "making, using, offering for sale, and/or selling a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority." (Doc. No. 151).

Currently before the Court are Certain Defendants' Renewed Motion to Dismiss or Sever Based on Misjoinder (Doc. No. 260) [2] and Defendant Dell, Inc.'s ("Dell") Renewed Motion to Sever and Stay (Doc. No. 261). Certain Defendants argue that they are misjoined under Federal Rule of Civil Procedure 20(a)(2)(A), and they seek dismissal or severance under Rule 21. Dell similarly argues that it is misjoined under Rule 20(a)(2)(A) and seeks severance under Rule 21. Dell further argues that the claims against it should be stayed pending resolution of the other claims in this action.

For the reasons stated below, Defendants Motions are GRANTED IN PART

---

1. Infinity has since settled its claims with Defendant Sharp Electronics Corp. (Doc. No. 239). Fourteen Defendants remain in this action.

2. This Motion is filed by the following parties: Canon U.S.A., Inc., Epson America Inc., Hewlett Packard Company, Konica Minolta Business Solutions, U.S.A., Inc., Lexmark International, Inc., Oki Data Americans, Inc., Panasonic Corporation of North America, Ricoh Americas Corporation, and Toshiba America Business Solutions, Inc. We refer to these parties collectively as "Certain Defendants."

to the extent that they seek severance. Dell's Motion to Stay is DENIED.

## II. *Severance*

In their Motions, Defendants argue that the claims against them should be severed because each defendant is separate and unrelated. Infinity alleges that each Defendant "mak[es], us[es], offer[s] for sale, and/or sell[s] a facsimile machine with an interface circuit that allows it to be coupled to a computer as a printer or scanner without authority." (Doc. No. 151). Many of the Defendants are direct competitors, however, and Defendants argue that "Infinity does not allege any conspiracy, any joint action, or any common action or occurrence" among Defendants or their products. (Doc. No. 260–1 at 7).

Plaintiff responds that, while each Defendant is a separate company, joinder is proper because Defendants are inextricably linked through their industry relationships and common customer base. Specifically, Plaintiff argues that: (1) Dell partners with "at least three of the other Defendants"; (2) "a relationship is believed to exist between Defendants Toshiba, HP, and Lexmark"; and (3) that Defendants' common customer base—"the un-indicted co-conspirators in this action"—links Defendants. (Doc. No. 265 at 11–13). Plaintiff further believes that other "relevant relationships ... will likely be smoked out through discovery." (Doc. No. 265 at 9).

### A. *Legal Standard*

█ Federal Circuit precedent governs substantive patent law, including issues of joinder. *In re EMC Corp.*, 677 F.3d 1351,

1354 (Fed.Cir.2012) ("joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law"). Accordingly, we look to the Federal Circuit in resolving the instant Motions.

Federal Rule of Civil Procedure 21 provides: "On motion or on its own, the court may at any time, on just terms add or drop a party. The court may also sever any claim against a party." Fed.R.Civ.P. 21.[3]

In assessing a motion to sever under Rule 21, the Federal Circuit applies the standard set out for joinder under Rule 20. *In re EMC*, 677 F.3d at 1356. Under Rule 20, parties may be joined in one action as defendants if: (1) at least one claim against the defendants is asserted "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed.R.Civ.P. 20(a)(2).

█ In order to justify joinder of patent claims, the court must make a determination that the claims against all defendants arise from the same transaction or occurrence, or series of transactions or occurrences. That is, there must be " 'a logical relationship' [among] the claims ... [including] substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *In re EMC*, 677 F.3d at 1358. In the patent context, "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common

---

**3.** On September 16, 2011, Congress enacted Section 19 of the Leahy–Smith America Invents Act, which governs joinder in patent actions. The Federal Circuit has determined, however, that this provision does not have retroactive effect, and only applies to actions commenced on or after the date of enactment. *See In re EMC*, 677 F.3d at 1356. The instant action was filed on June 30, 2010. Accordingly, Section 19 does not control here, and we apply the Federal Circuit's standard under Federal Rules of Civil Procedure 20 and 21.

questions of claim construction and patent invalidity." *Id.* at 1357; *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1372 (Fed.Cir.2002).

██ The Federal Circuit further instructs that "[j]oinder is not appropriate where different products or processes are involved." *Id.* at 1359. Even where the accused products or processes are the same in all respects relevant to the patent, claims against independent defendants cannot be joined under the transaction-or-occurrence test unless "shared, overlapping facts [ ] give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* Importantly, the Court has held that "independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.*

## B. *Application*

██ On the face of Plaintiff's Complaint, Plaintiff accuses fifteen defendants of separately and independently infringing upon the Infinity Patents. The Complaint is devoid of any substantial evidentiary allegations linking the Defendants together. Plaintiff simply argues that the products of unrelated Defendants infringe the same patent and are technically the same or similar in respects relevant to the patent in suit. As we discuss above, however, similarities among products accused of patent infringement is not sufficient by itself to warrant joinder. *In re EMC*, 677 F.3d at 1359.

Plaintiff's Complaint fails to allege that the claims against each Defendant arise from the same transaction or occurrence, involving "shared, overlapping facts ... and not just distinct, albeit coincidentally identical, facts." *Id.* According to the motions before the Court, each Defendant's allegedly-infringing product is different,

Defendants are competitors of each other, and there is no aggregate of operative facts that link all fourteen Defendants together. While Plaintiff asserts that particular Defendants have business relationships and a shared customer base, the facts alleged do not establish that Plaintiff's claims against each Defendant arise from a common set of overlapping facts which link each allegation together.

For the reasons stated above, the Defendants in this case were improperly joined under Rule 20(a)(2). As Defendants do not provide any compelling reason for why they should be dismissed, rather than severed, Defendants Motion to Dismiss is DENIED and we find that the claims against Defendants should be severed into separate causes of action as detailed below. We further note that, while only ten of the fourteen remaining Defendants moved for severance, we exercise our authority under Rule 21 to sever the claims against all Defendants remaining in this action, including those which did not move for such relief.

Plaintiff urges that, even if we grant Defendants' Motions, particular Defendants should remain joined due to their specific business relationships. At this juncture, we find that the case is neither in the correct procedural posture nor appropriately briefed for us to determine whether the relationships among particular parties warrant their joinder in separately filed actions.

## III. *Consolidation*

Plaintiff further urges that, even if we sever Defendants from this action, we should consolidate the separate actions before this Court to resolve common issues.

### A. *Legal Standard*

Rule 42(a) provides that: "If actions before the court involve a common question

of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Where joinder is not proper, a court may still "consolidate cases for discovery and for trial under Rule 42," so long is there is a common question of law or fact. *In re EMC,* 677 F.3d at 1360 (quoting Fed.R.Civ.P. 42(a)).

### B. *Application*

 Federal district courts have limited resources, and we strive to employ efficient case-management procedures for the benefit of the parties, attorneys, and Court. Consolidation provides a mechanism through which we may efficiently manage this matter and better conserve all actors' resources.

On the papers before us, it appears that common questions of law underlie each claim—particularly with regard to the validity of the Infinity Patents. We also believe that each claim will involve overlapping discovery. Accordingly, if Plaintiff chooses to pursue separate actions against the severed defendants, we will likely consider consolidating these actions for common discovery, in order to permit efficient case management.

### IV. *Motion to Stay*

Dell separately moves this Court to stay the proceedings against it. Dell's Motion to Stay denies that Dell produces the products at issue and argues that Dell is only peripherally related to this action as a distributor of other Defendants' products. Dell argues that resolution of the claims against these other Defendants will affect Plaintiff's claims against Dell and urges us to stay Plaintiff's claims against Dell pending our resolution of Plaintiff's other claims. Plaintiff challenges Dell's factual assertions and argues that a stay will cause Plaintiff prejudice throughout discovery and our resolution of common legal issues.

### A. *Legal Standard*

██ ██ It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Decisions to stay are left to the trial court's broad discretion, and call for the exercise of the court's judgment in "weigh[ing] competing interests and maintain[ing] an even balance." *Id.; Kansas City Southern R. Co. v. United States,* 282 U.S. 760, 763, 51 S.Ct. 304, 305, 306, 75 L.Ed. 684; *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382, 55 S.Ct. 310, 311, 79 L.Ed. 440 (1935).

 Despite the broad discretion that is left to a trial judge in making decisions to stay, the Supreme Court instructs, that, in deciding whether to stay a suit pending the outcome of another suit, "the suppliant for a stay must make out a clear case of hardship or inequity." *Landis,* 299 U.S. at 255, 57 S.Ct. 163; *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.,* 381 F.3d 131, 139 (3d Cir.2004).

### B. *Application*

 Upon consideration of the papers before us, Dell has not made a sufficiently compelling case of hardship to warrant a stay of the claims against it. In reaching this conclusion, we consider myriad factors including judicial economy, the hardship or inequity that Dell would face going forward with its claim, and the injury that a stay would inflict on Plaintiff.

At this stage, we cannot read Dell's request as anything more than a request for special treatment. In the case's current posture we are not able to uncover

Dell's exact role in the production and distribution of the allegedly infringing products, and our resolution of this issue is better left for a dispositive motion following discovery. Accordingly, we cannot find that Plaintiff's claims against Dell are any more peripheral than those against the other thirteen defendants who remain in this action.

Dell's Motion further fails to allege any hardships that Dell faces beyond those typical to civil defendants who are disgruntled by the claims against them. Conversely, we find that staying Plaintiff's claims against Dell will prejudice Plaintiff throughout discovery, require duplicative resolution of common legal questions, and create additional administrative burdens for this Court. The litigation hardships that Dell will face in defending Plaintiff's claims, when balanced against these competing considerations, are far from sufficient to justify a stay.

V. *Conclusion*

For the reasons set forth above, it is ORDERED that Defendants' Motions (Doc. Nos. 260 and 261) are GRANTED IN PART as follows:

1. All claims pertaining to the following Defendants shall be severed into separate actions:

 a. Canon USA, Inc.;

 b. Dell, Inc.;

 c. Eastman Kodak Co.;

 d. Epson America Inc.;

 e. Hewlett–Packard Co.;

 f. Konica Minolta Business Solutions, U.S.A., Inc.;

 g. Lexmark International, Inc.;

 h. Oki Data Americas, Inc.;

 i. Panasonic Corporation of North America;

 j. Ricoh Americas Corporation;

 k. Samsung Electronics America, Inc.;

 l. Toshiba America Business Solutions, Inc.; and

 m. Xerox Corporation

2. Infinity shall pay the filling fee for these cases within twenty (20) days of this Order's issuance to avoid having the severed causes of action dismissed with prejudice.